## WYOMING RAILWAY COMPANY v. LEITER.

(No. 892; Decided December 14th, 1917; 169 Pac. 1.)

EMINENT DOMAIN — JUST COMPENSATION — WORDS AND PHRASES —
INTEREST.

1. Just compensation, for property taken by condemnation,
within the meaning of Constitution, Art. 1, Section 33, and
Compiled Statutes, 1910, Sections 3847, 3848, 3849 and 3854,
is the equivalent in money for all property taken, including
deprivation of possession of the owner prior to the ap-

praisement, and no interest should be allowed upon the amount of the award prior to the filing of the report of the commissioners.

2. Where the amount of the award in condemnation proceedings is not paid, interest may be recovered thereon at the rate of 8 per cent per annum from the date of the filing of the commissioner's certificate and report of compensation allowed, under the provisions of Section 3358, Compiled Statutes.

ERROR to District Court, Sheridan County; HON C. H. PARMELEE, Judge.

Condemnation proceedings by the Wyoming Railway Company, a corporation, against Joseph Leiter, et al., surviving trustees under the last will and testament of Levi Leiter, deceased. From an order of the court allowing interest on the award of the commissioners, plaintiff brings error.

*H. W. Nichols* and *W. T. Alden,* for plaintiff in error. ·

The statute does not provide for awards of interest by commissioners in condemnation proceedings. (Chapter 211, Comp. Stats. 1910; Wyoming Bank v. Brown, 7 Wyo. 494; Harvey v. Hamilton, 155 Ill. 380; Sections 3854-3856, Comp. Stats. 1910; Rawlins v. Murphy, 19 Wyo. 238.) Even if interest be allowed in fixing compensation, it must be included in the award of the commissioners. (Sections 3846, 3847 and 3851, Comp. Stats. 1910; Blackwell Co. v. Bebout, 19 Okla. 63, 91 Pac. 877; Butte Co. v. Matthews, 34 Mont. 487, 87 Pac. 460; Wentworth v. Portsmouth, 68 N. H. 392, 44 Atl. 531; 15 Cyc. 930.) Interest is a creature of statute. (Wyoming Bank v. Brown, supra.) The award covers all damage to date of filing. (Oregon Co. v. Jones, 29 Utah, 148, 80 Pac. 732; San Francisco Co. v. Lewiston, 134 Cal. 412, 66 Pac. 473; Greeley Co. v. Yount, 7 Colo. App. 189.)

*Burgess & Kutcher,* for defendants in error.

Defendants in error are entitled to interest from the time lands were taken. The constitution requires just compen-

sation. (Lewis Em. Dom. (3rd Ed.), Vol. 2, Sec. 684.) Commissioners' award may be reviewed by the court. (Sec. 3849, Comp. Stats. 1910.) Interest is allowable from the taking of the land. (Phillips v. Comrs., 10 N. E. 230; Lewis Em. Dom. 742; 15 Cyc. 744; Hayes v. Ry. Co., 19 N. W. 245; Lough v. Ry. Co., 89 N. W. 77.) The court was the only proper tribunal to award interest. Such power is granted by Section 3849, Comp. Stats. 1910. The presumption is that interest was not included in the award. (City v. Wilkin, 15 N. W. 668; Ry. Co. v. Oliver, 87 Pac. 425; Alloway v. Nashville, 13 S. W. 123.) City of Rawlins v. Murphy, 19 Wyo. 238, is not in point.

BEARD, JUSTICE.

The plaintiff in error desiring to construct a railroad over and across certain lands owned by defendants in error, and being unable to agree with defendants as to the amount of compensation to be paid for the right of way, it instituted condemnation proceedings in the District Court, August 1, 1913, to acquire said right of way and to have the compensation to be paid therefor ascertained and determined. Bond being given authorizing it to take immediate possession, commissioners to ascertain and determine such compensation were duly and regularly appointed by the court, and on November 25, 1914, they filed their certificate of assessment in the office of the clerk of said court, fixing the amount of said compensation at $1,430.82. Thereafter, and on January 15, 1915, the plaintiff filed exceptions to the report and award of the commissioners; and on June 10, 1915, defendants also filed exceptions to said report and an application for a jury trial. No further proceedings were had in the matter until March 29, 1916, when the parties filed two stipulations in writing. In one it was stipulated that the Railway Company had taken possession of the land on or before September 1, 1913; and in the other, "that both said plaintiff and said defendants shall and they hereby do each and all withdraw all exceptions and objections to the certificate, report and award of the commissioners filed herein,

and said defendants hereby withdraw and waive their demand for a jury trial herein. It being understood, however, that said defendants do not by this stipulation waive their claim to interest on said award, as asked for in motion filed herewith in said cause, from September 1, 1913." At the same time defendants filed their motion for the allowance by the court of interest on the amount of the award at 8 per cent per annum from September 1, 1913. On the same day the court entered an order confirming the report of the commissioners and requiring plaintiff to pay to defendants or to deposit with the clerk of the court to their credit the amount of said award, to-wit: $1,430.82, together with 8 per cent per annum interest thereon from September 1, 1913, until so paid or deposited.

The plaintiff excepted to the order of the court allowing interest, and assigns that ruling as error; and that is the only question in the case. The constitution provides, Article I, Section 33: "Private property shall not be taken or damaged for public or private use without just compensation." And it is provided by statute that the commissioners appointed for the purpose by the court shall carefully inspect and view the real estate sought to be taken and shall ascertain and certify the compensation proper to be made to the owner. (Secs. 3847 and 3848, Comp. Stat. 1910.) And by Section 3849, id., it is provided that the award of the commissioners may be reviewed by the court on written exceptions filed by either party, within thirty days after the filing of such certificate; and upon good cause shown, the court may order a new assessment, or may make such other order as right and justice may require. If no sufficient exceptions be filed within the said thirty days, and if no application be made within such time for a jury trial, the report of the commissioners shall be confirmed. The fact that the exceptions and the demand for a jury trial in this case were not filed within the time allowed is not material, as they were withdrawn, leaving the case stand as though neither had been filed. It was therefore the duty of the court to confirm the report as made by the commissioners.

The statute (Sec. 3854, Comp. Stat. 1910) prescribes the method for estimating the compensation for all property taken and the time at which it is to be determined, as follows: "In estimating the compensation for all property actually taken, the true value thereof, at the time of the appraisement, shall be allowed and awarded." The statute thus fixes a definite time at which the commissioners are to ascertain and determine what is a just compensation to the owner for all property taken. "Just compensation" in such case is an equivalent in money for all property taken from the owner by reason of the condemnation proceedings; and if he has been deprived of possession of his property prior to the time of the appraisement, that is to be considered by the commissioners in determining the compensation to be awarded, if they follow the commands of the statute, which it must be presumed they did in this case, as there is nothing in the record to disclose the contrary. In other words, the commissioners are required by the statute to determine and certify the amount of the compensation to which the land owner is entitled at the time of the assessment, and having done so the court could not add interest on the amount of the award prior to the date of the certificate. (Minot v. Boston, 201 Mass. 10, 86 N. E. 783, 25 L. R. A. (N. S.) 311; Blackwell &c. R. Co. v. Bebout, 19 Okla. 63, 91 Pac. 877, 14 Ann. Cases, 1145; Butte Electric Ry. Co. v. Mathews, 34 Mont. 487, 87 Pac. 410; Deidrich v. The Northwestern Union Ry. Co., 47 Wis. 662, 3 N. W. 749. See also 1 Nichols on Eminent Domain (2nd Ed.) 656.) That the commissioners intended the amount awarded to be the full compensation to be paid to defendants at that date, we think clearly appears from the language of their report wherein they say: "That the total damages hereby assessed by us, the said commissioners, is the sum of $1,430.82."

It is. argued on behalf of plaintiff that by reason of the exceptions to the commissioners' report and the demand for a jury trial by defendants, "there was no time prior to the entry of the judgment when plaintiffs in error could have paid the proper amount into court." We do not agree with

that statement. More than thirty days from the filing of the report had elapsed before any exceptions thereto were filed, and then they were filed by the plaintiff; and not until nearly six months thereafter were exceptions filed by defendants. At the end of thirty days from the filing of the report of the commissioners, no exceptions being filed, the duty of the court was to confirm the award. Whether it did so or not, plaintiff knew then the amount defendants would be obliged to accept, and it cannot be allowed to escape payment of interest because it objected to the amount of the award. The argument amounts to this: that plaintiff could not pay because it did not know the amount due for the reason that it objected to the amount found due. A very handsome method of avoiding the payment of interest on one's debts!

The statute having designated a definite time at which the amount of the compensation to be paid should be determined, and having been so determined by the commissioners on November 25, 1914, it then became due and should draw interest from that date until paid, at the rate of 8 per cent per annum. The statute (Sec. 3358, Comp. Stat. 1910) provides that "on money loaned or due, and withheld by unreasonable delay of payment, interest shall be allowed at the rate of eight per cent per annum." The Deidrich case, supra, is also in point on this branch of the case.

We think the District Court erred in allowing interest on the amount of the award from September 1, 1913, and should have allowed interest from November 25, 1914, the date of the filing of the commissioners' certificate.

The judgment of the District Court will be modified so as to require the payment of interest on the amount of the award of the commissioners from November 25, 1914, instead of from September 1, 1913. Plaintiff in error to recover costs in this court, except costs for briefs; and it is so ordered.                                    *Modified.*

POTTER, C. J., and BLYDENBURGH, J., concur.