**MOSEL et al. v. REAL et al.**

No. 8860.

Court of Civil Appeals of Texas. San Antonio.

April 13, 1932.

Rehearing Denied May 11, 1932.

Morriss & Morriss, of San Antonio, Walter Petsch, of Kerrville, Alfred Petsch, of Fredericksburg, and Reed Cozart, of San Antonio, for appellants.

Cunningham, Moursund, Johnson, Rogers & Slatton, of San Antonio, W. G. Garrett and W. C. Baker, both of Kerrville, and Jack R. Locke, of San Antonio, for appellees.

SMITH, J.

This appeal is from an order denying a permanent injunction restraining the county judge, treasurer, and commissioners of Kerr county from paying out the proceeds of a bond issue in the improvement of designated state highway 27 between Kerrville and the town of Ingram, situated between seven and eight miles west of Kerrville. A temporary injunction had been previously granted at the instance of eleven taxpayers, residing in that section of the county, who have appealed from the final adverse judgment.

At a county-wide election held in Kerr county on November 15, 1930, it was determined that the county should issue bonds in the sum of $450,000 "for the purpose of the construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof" in said county, the sum so voted to be expended, as provided in the original order for the election, as follows: $300,000 "on designated State and Federal Highway No. 27 and on State Highway No. 81," and $150,000 "for right of ways and lateral roads."

It appears that during the campaign preceding the election there was a demand made by citizens for more definite assurances as to how the proceeds of the proposed bonds were to be expended, and to satisfy this demand the commissioners' court supplemented the original order for the election with a bill of particulars, as follows:

"Whereas, it is deemed proper and just that the taxpaying citizens of Kerr County should have this Court's assurance in writing as to how and where the proceeds of said bond issue, be expended in event said election carries;

"Therefore, by unanimous vote of the members of the Commissioners' Court of Kerr County, Texas, it is ordered and decreed that in event the election on November 15th, 1930, shall result in favor of the issuance of said $450,000.00 worth of road bonds, that the proceeds from the sale of said bonds be and are hereby apportioned and set aside as follows:

"1. $300,000.00 for the use of the State Highway Department in constructing designated Highways Nos. 27 and 81 in Kerr County.

"2. $36,000.00 for the improvement of the old Kerrville & Leakey highway in Kerr County between the villages of Ingram and Hunt.

"3. $56,000.00 for the construction of a paved loop or highway through the town of Center Point in Kerr County connecting above and below said town with the proposed new highway No. 27, and the construction of bridges over the Guadalupe River along said loop.

"4. And the balance of $58,000.00 for the purchase and improvement of the right of way for the designated highways Nos. 27 and 81 in Kerr County."

In pursuance of the mandate handed down through the election, the commissioners' court joined the federal and state highway agencies in plans for the reconstruction and improvement of highway 27, upon a survey made thereof by state highway engineers, between Kerrville and Ingram; the latter town being the first control point upon the highway west of Kerrville.

This resurvey of the road did not coincide throughout its length with the existing loca-

tion thereof on the ground, but deviated therefrom at intervals in varying degrees ranging up to a half mile.

The roadway was straightened, the survey between the two towns was shortened by a half mile, that is to say, from 7.750 miles to 7.234 miles, and the roadway was moved farther away from the Guadalupe river bed, which the existing route closely followed.

Now appellants contend that the declaration in the order for the bond election, that the proceeds of the bonds should be expended "on designated Highway 27," constituted a contract between the commissioners' court, or county, upon the one hand, and the citizens of the county upon the other, binding the former to reconstruct and maintain that highway as it then lay in detail upon the ground.

And appellants further contend that the projected deviations would constitute a breach of that contract, to appellants' injury, and should be restrained. The trial court ruled against these contentions.

We are of the opinion that the judgment should be affirmed. We are of the opinion that the language in the election orders providing that the bond money be expended "on designated State Highway No. 27" cannot reasonably be construed into a stipulation that the location of the roadway be maintained on the ground as it then existed, with all the imperfections and impracticalities that marked the location and construction of our highways in earlier years. We are of the opinion, rather, that the terms of the order, when rationally construed according to the plain language used and in the light of the history and progress of highway improvement in this state, amounted to a simple provision that that highway, designated as a constituent part of the state highway system, should be constructed and improved between the designated control points, Kerrville and Ingram, along the most practical route best designed to secure the safety and convenience of the traveling public, to be determined by the skilled agencies of the government appointed to that work.

The great public highways of the state, such as this, are presumed to be located, constructed, and maintained for the benefit of the general public, and not for the special enhancement of the property of occasional landowners in the communities traversed by those highways. The so-called contract in question was no more than a mandate to the county commissioners to appropriate the bond money for the purpose of so locating and constructing designated state highway 27. The record warrants the implied finding of the trial court that the commissioners properly performed their obligation under the terms of that contract.

We see no occasion to go further into the case than to announce these conclusions. We think under the record here the courts have no warrant to interfere with the manner in which the county commissioners propose to administer the public funds voted by the people under the election orders in question here.

Affirmed.