**ELLIOTT et al. v. ELY et al.**
No. 2867.

Court of Civil Appeals of Texas. El Paso.
March 9, 1933.

Rehearing Denied March 30, 1933.

J. M. Caldwell, of Midland, and Lea, McGrady & Edwards, of El Paso, on appeal only, for appellants.

James V. Allred, Atty. Gen., A. R. Stout, Asst. Atty. Gen., and Jesse R. Orth and W. R. Smith, Jr., both of Odessa, for appellees.

PER CURIAM.

This is an injunction suit in which George D. Elliott, R. T. Reid, D. L. Griffin, and T. S. Armstrong are seeking to prevent the changing of the route of state highway No. 1 from the point where now located to a new and different location. The highway commission of the state of Texas and the state engineer are made parties defendant.

A general demurrer was sustained to the first amended petition of appellant and the suit dismissed, and from that action they have appealed.

From the petition it appears that the portion of said state highway No. 1, which is now sought to be changed, begins at a point about two miles east of the city of Odessa, near the east line of property owned by Andy Newnham, proceeds westward along the section line between the Newnham property and the property of H. D. Cody to a point near the east limits of Odessa; that it is there deflected southward to the entrance of Eighth street in said city; that it then runs west along Eighth street to the intersection with Grant avenue, thence south along Grant avenue to Pearl street, and thence west along Pearl street to the west city limits; and that the state highway commission is threatening to change said road to run from the point near the east line of the Newnham property west along the north side of the Texas & Pacific Company's right of way to the city limits at the point where Second street intersects, thence west along Second street to the west city limits, thence west along the north side of said right of way to a point about two miles west of Odessa where the said right of way crosses a drain, and thence by means of an underpass under said right of way and there joining the now established roadway; that the four petitioners own property abutting on that portion of Grant avenue now designated and used as a part of said state highway No. 1; that Elliott and Reid are the owners of hotel property, Griffin the owner of hotel and mercantile property, and Armstrong the owner of property used for a filling station; that they are all taxpayers in the city of Odessa and the county of Ector; that they each acquired the properties owned by them subsequent to the designation of the portion of Grant avenue upon which their

properties abut, as a part of state highway No. 1; that they thereafter constructed improvements thereon; that during the year 1918 there was a movement started to construct between Texarkana and El Paso, Tex., what is known as the Bankhead highway; that upon proper representations made to the commissioners' court of Ector county, there was entertained a petition for an election to determine whether or not Ector county would issue bonds to the extent of $30,000 for the purpose of aiding and assisting in building a portion of said highway; that said bonds were voted, issued, sold, and the proceeds thereof used in the construction of a portion of said highway, which was later designated by the state highway commission, with the consent of the federal authorities, and the municipal authorities of Ector county, as state highway No. 1, federal highway No. 80; that a portion of said bonds are still outstanding, and that the petitioners are still being taxed for the purpose of raising sinking funds with which to retire them; that during 1920 and 1921 another bond election, in which $100,000 in bonds of Ector county were voted, was held and the proceeds thereof used in and upon the road, of which the portion now sought to be changed was a part; that subsequent to the calling of such election a contract was entered into between the commissioners' court of Ector county and the state highway department whereby it was contracted that the road should be built as so located and in accordance with the plans and specifications prepared by the state engineer and by the federal engineer in charge; that a large portion of said bonds are still in existence, and that petitioners are still being taxed to provide sinking funds to retire them and to pay the interest thereon.

After the allegations above set forth, the petition contains the following: "That by virtue of the location and designation of said highway prior to or at the time of the expenditure of said bond money as aforesaid, and by virtue of the contracts made between the State Highway Commission and the proper authorities representing the citizenship of Odessa, Ector County, Texas, there was created a contract express or implied that the designation of said highway should remain in and upon the route over which the said designation ran at the date of the voting of said bonds, at the date of the contract of the Highway Commission with the Commissioners' Court of Ector County, Texas, and at all times thereafter. That the said bonds were voted, issued and sold upon the express agreement of the Highway Commission which was carried out to designate and locate said Highway No. 1, Federal Highway No. 80, in and upon an exact route upon which the moneys derived from said bond sale were expended (here follows a description of the present route). That the same has so remained undisturbed for a period of more than ten years,

and that the property interests and rights of your complainants herein have accrued to them by virtue thereof, in that when they purchased said property they had the right, from the inspection of the record, exhibited herein by certified copies, to expect that the said road would remain as so designated, and that the same would not at the caprice and whim of the State Highway Commission be discontinued, altered and abandoned. That the said rights were and are especial property rights and as such are protected by the constitution of the State of Texas and by the constitution of the United States."

Appellants then allege the enactment of the "State Assumption of Highway Bonds" Act (Vernon's Ann. Civ. St. arts. 6674q—1 to 6674q—11) and that the abandonment of that portion of the highway threatened would render a portion of the bonds issued by Ector county for the construction of said highway ineligible for assumption thereunder, thereby increasing the tax burdens of petitioners.

Then follows this allegation: "That said act is a solemn adoption by the Legislative body of the said highway as so built and designated and under the terms of said act, the Highway Commission is without power to abandon or to change the routing thereof contrary to legislative enactment and to the detriment and damage of complainants herein."

Appellants then allege the incorporation of Odessa; the fact that it has exclusive control of its streets, and deny that the highway commission has any control thereover.

The petition then sets forth the action threatened thus:

"1. They are attempting, without warrant of law, to set aside, annul and hold for naught the contractual relations fixed by the authorization, issuance and sale of the bonds of Ector County, and the subsequent expenditure of the moneys derived therefrom upon the roadway designated and located by both State and Federal authorities as a part of the very transaction in which said moneys were used.

"2. In attempting to exercise control over the streets of an incorporated city of more than one thousand inhabitants, of more than 2500 inhabitants according to the last United States census, and of less than 5000 inhabitants, without warrant of law and without the consent of the governing body of such town and in direct opposition to the express wish and action of said governing body.

"3. In attempting to accomplish indirectly control over the streets of the incorporated City of Odessa and especially over second street in said city by attempting to purchase right of way for and to build a highway to the city limits thereof and designating the same as State Highway No. 1, Federal Highway No. 80, to said city limits, and in attempting to then take up the same at the

West City limits without designation of the route within the city but to the end that the designation as at present through said city be abandoned and thus indirectly to deprive complainants of their property rights in and to the designated highway.

"4. To divert all through traffic from the present designated route by constructing about four miles of new highway and by changing the designation and the markers thereof so that such through traffic will pass through the town without passing or stopping at either of the hotels or business houses belonging severally to complainants and thus diverting from each of them its share of patronage of such through traffic and denying to each of the complainants the use and enjoyment of the special easement appurtenant to his property, the same being a material property right entering into the valuation of the property owned by them. * * *"

"12. By undertaking to build a new road from the point where State Highway No. 1, Federal Highway No. 80, diverges from the right of way of the Texas and Pacific Railway east of Odessa to the point of the proposed underpass a distance of about five miles, and to abandon and discontinue approximately five miles of the present designation with full knowledge that the proportionate amount of bonds apportionable to the road so discontinued would thereby automatically become ineligible for payment under the Act of September 17, 1932, Acts Third Called Session, Forty-second Legislature, Chapter V, page 15, and thus deprive these complainants of the quantum of relief from tax burden in the relative ratio.

"13. In attempting to reroute the said highway through the City of Odessa on Second Street which street is fifteen blocks in length within the city limits of which only two blocks are paved, thus creating the necessity of paving thirteen blocks by the city with a consequent unnecessary increase of tax burden on complainants herein."

The petition then specifically alleges the damages which will arise as follows:

"1. In having the funds which they and each of them pay and are paying to meet interest and sinking funds on the bonds voted for and used in constructing the highway as the same is now located and designated, diverted to other uses and purposes to their detriment and damage and in violation of their contractual rights, contrary to the guarantees of the 14th Amendment of the Constitution of the United States and to Art. 1, Sec. 17, of the Bill of Rights of the State Constitution.

"2. That they and each of them will lose the benefits of the special easement owned by them and each of them in the designation of said highways, which is an appurtenant to the property owned by each of them and a property right protected by the 14th Amend-

ment to the Constitution of the United States and by Art. 1, Sec. 17, of the State Constitution.

"3. That they and each of them will be forced with approximately one hundred other individuals similarly situated to bring several and separate suits to determine their rights and the violation thereof and in an effort to procure compensation for the injuries thus sustained, which said suits will probably prove futile because of the improbability of setting up and proving their damage by any method allowed by law.

"4. That they and each of them will be compelled to carry additional tax burden on account of the improvement by the City of Second Street rendered necessary by the unwarranted and fraudulent action of said commissioners.

"5. That they and each of them will lose so much of the advantage and of the taxes purported to be lessened and abated by the Act of September 17, 1932, as is proportionate to the number of miles of said highway abandoned and thus rendered ineligible to participate in the benefits of said act."

Appellant's first proposition reads: "That the location of State Highway No. 1, Federal Highway No. 80, at the place where same is now located, based upon the contractual rights arising out of the issuance and sale of the bonds for the construction of the road upon its designated route, is a solemn and binding contract between the State authorities and the people of Ector County owning property abutting upon said highway and already complete in its nature, and which can not be subsequently impaired by the action of the State authorities, in violation of Art. 1, Sec. 16, of the Constitution of Texas, and of Art. 1, Sec. 10, of the Constitution of the United States."

In support of this proposition appellants cite Fletcher v. Howard et al., 120 Tex. 298, 39 S.W.(2d) 32, 40 S.W.(2d) 52; Black v. Strength, 112 Tex. 188, 246 S. W. 79; Moore v. Coffman, 109 Tex. 93, 200 S. W. 374.

A reading of these cases reveals that they, as is admitted in appellant's brief, have relation to attempts to use bond money before it has been expended on roads other than those for the construction of which the bonds were voted. We agree with the doctrine announced in those decisions, but we do not feel that it can control the disposition of the case at bar. In those cases by the action taken the people had been led into voting bonds for a certain purpose, which they might not have done for some other and different one, and the courts very properly held that the money must be spent as it had been represented to the people it would be.

In the case at bar the money was admittedly spent as the people intended, and there is nothing here to show that the road which was

built therewith is to be destroyed or changed, except that a portion of it is to cease to be designated as state highway No. 1, federal highway No. 80.

Appellants attached to their petition a copy of a contract between the commissioners' court of Ector county and the state highway commission. That agreement recites that it was executed pursuant to the provisions of House Bill No. 2, Acts of 1917 (chapter 190), and that upon the completion of the road called for, the department will pay to the county treasurer of Ector county the sum of $26,676.44, as the share of the state of Texas.

House Bill No. 2 provides that whenever the commissioners' court of any county should desire to construct public roads constituting a part of the system of state highways as designated by the department, such court may make an application for an allotment of state aid from the state highway fund, and this clearly appears to be what happened in the instant case.

In the agreement above referred to, it was also provided that the county should properly and permanently maintain the road after its construction.

We find no provision in said agreement whereby the commission agreed to restrict the designation of state highway No. 1 to the particular road then constructed.

■ If it could be said that such a contract arises by implication from the facts and circumstances surrounding the issuance of the bonds by Ector county, then it would be a contract which the commission had no authority to make, and could not be enforced. Nairn et al. v. Bean et al. (Tex. Com. App.) 48 S.W.(2d) 584; Bowers v. City of Taylor (Tex. Com. App.) 16 S.W.(2d) 520, and cases there cited.

■ Appellant's second proposition reads: "That the plaintiffs herein are each of them invested with the special property right and easement appurtenant to the abutment of their properties upon the Highway as so designated and contracted, different from the easement of the general public, and that this special easement appurtenant is a property right of which they can not be deprived without due process of law."

The decisions cited by appellants in support of this proposition are based upon the abandonment of roads abutting on property, and therefore would not govern here.

Appellants' petition, we think, clearly shows that the damages which they are seeking to prevent will arise, not from the abandonment of the road which runs by their places of business, but from the fact that the designation of the proposed road as state highway No. 1, will cause the travelers passing through Odessa to use the proposed road, and in so doing not pass their places of business.

In other words, their contention is that they have a right to prevent the highway commission from designating any other road as state highway No. 1 and thereby divert the traffic from the road upon which their businesses are located, thereby reducing their opportunity to secure the patronage of the users of the road.

In our opinion no person has such a right in the public highways of this state.

As said by Justice Smith in the case of Mosel et al. v. Real et al. (Tex. Civ. App.) 49 S.W.(2d) 475, 476 (writ refused): "The great public highways of the state, such as this, are presumed to be located * * * and maintained for the benefit of the general public, and not for the special enhancement of the property of occasional landowners in the communities traversed by those highways."

That appellants will be damaged is to be regretted, but as said by Elliott on Roads and Bridges, No. 1, page 359: "There are many injuries resulting from the opening of streets and roads for which landowners cannot receive compensation. This is true of almost all great public works. It is seldom that a public improvement, although benefiting by far the greater number of persons, does not, in some way, cause loss to others. Thus, the opening of a road common and free to all may greatly lessen the receipts of a toll road running between the same places, but for such an injury no compensation can be awarded. Again, the opening of a new street may draw travel from an old one and decrease the business of those having shops on the latter, and in such case, although there is undeniably a resulting injury, there is still no right to legal redress."

The same doctrine is announced in Corpus Juris vol. 20, page 780.

■ By their third proposition appellants attack the right of the commission to exercise control over the streets of Odessa.

This control they allege the commission is attempting to exercise indirectly by purchasing a right of way for and building the proposed highway to the city limits on its eastern boundary, designating same as state highway No. 1, then, without making any designation as to that portion of the route within the city limits, continuing the designation from the western boundary of the city onto where the proposed road joins the present one.

There can be, we think, no question that the commission has full power to designate state highways outside incorporated towns and cities. Nor can the fact that such designation outside such limits would result in the use of certain streets in the city by the traffic coming into the city on said designated highway be said to be an exercise of control over such streets by the commission.

In their fourth proposition appellants assert that the allegations of their petition show an abuse of discretion on the part of the commission in making the proposed change, and therefore the demurrer was improperly sustained.

Having heretofore held that the proposed change would not affect any property rights of appellants, it follows that the question of whether or not the commission is acting within its discretion is a matter of which they cannot be heard to complain.

After a careful examination of the record before us, we have concluded that the trial court properly sustained the general demurrer to appellant's petition.

The judgment is affirmed.