GEORGE D. NELSON ET UX. *v.* STATE HIGHWAY BOARD.

May Term, 1938.

Present: MOULTON, SHERBURNE, BUTTLES and STURTEVANT, JJ., and JEFFORDS, Supr. J.

Opinion filed October 4, 1938.

*Lawrence C. Jones,* Attorney General, and *Alban J. Parker,* Deputy Attorney General, for the state highway board.

*Louis G. Whitcomb* and *Neil D. Clawson* (*Edward C. Barry* on the brief) for the appellant landowners.

STURTEVANT, J. The State brings exceptions to certain rulings of the Windsor county court and claims error in the amount of damages awarded in proceedings seeking to take certain lands for highway purposes.

In April, 1937, the state highway board held a hearing at Springfield, Windsor County. The matter considered was the necessity for taking certain lands and compensation to be paid therefor in connection with the construction of a highway in the town of Springfield, viz., for changing the course or location of a portion of the highway known as U. S. Highway No. 5 in said town of Springfield. This report shows that said board found that the taking of certain lands was necessary for said purpose and fixed the compensation to be paid to the several owners for same. The report contains a survey of the lands to be taken. This survey shows that the proposed project requires the taking of 3.451 acres of land belonging to plaintiffs George D. Nelson and Lula P. Nelson.

The Nelsons own a farm located on the westerly side of the Connecticut River in said town of Springfield. U. S. Route No. 5 now follows along the westerly bank of the river past the

the buildings on said Nelson farm, said road passing between the buildings and the river. The general direction of said highway past the Nelson house is from southwest to northeast. The location of the proposed new road is approximately as follows: Beginning at a point in U. S. No. 5 about 5,550 feet southwesterly of the said Nelson house, which point is about 4,000 feet southwesterly from the southerly boundary of said Nelsons' land, thence westerly of said U. S. Route No. 5 as now located in a general northerly direction and gradually leading away from said present road to a point on said Nelsons' land about 1,600 feet westerly of said Nelson house where said route begins to approach nearer to said present highway and comes into it at a ' point about 3,500 feet northeasterly of said Nelson house, which point is about 3,000 feet northeasterly from the northerly boundary of said Nelsons' land. The approximate length of the new road is two miles and when completed this new route will become a part of U. S. Route No. 5. The present highway leading past the Nelson place is to be turned back to the town. The road from where the proposed new route leaves the present route U. S. No. 5 to where it again joins same as above stated will not be on U. S. No. 5 but will be a town road after this proposed project is completed.

The Nelsons took an appeal from the decision of the highway board to the Windsor county court on both the question as to the necessity for taking their land and the damages awarded. The court appointed commissioners to hear the case and these commissioners duly returned their report to the county court. This report shows that the commission found:

''That the proposed relocation is not necessary for the convenience of individuals or of the State.''

That if the land of said Nelsons were to be taken as proposed in said petition damages should be awarded to them as follows:

''Tillage land                                          $  200.00
Pasture land .                                       ·     100.00
Fencing and gates, including their maintenance           500.00
Relaying pipe leading to spring                          100.00
Damages resulting from the dividing of the property
into two parts, the concentration of the flow of surface waters on the tillage land east of the relocation
and the right of the State in the future to enter at
will on said tillage land in undefined manner and
places.                                                1,600.00

Consequential damages due to the use of appellant's land in question as a new route for the main stream of public travel, 1,600 feet in the rear of the appellant's buildings instead of directly in front of them as at present     4,500.00

$7,000.00''

The state highway board, the appellee in the original appeal to the county court, brings the case to this Court and has briefed two points of claimed error, viz.:

1. ''The Court erred in its refusal to consider the question of admissability of various items of evidence taken by the commission and having to do with the damages and the elements thereof.''

2. ''The Court erred in including as compensable items of damages certain elements of damage found by the commission which appear on the face of the report and in the final order, and which, as matter of law, are not compensable.''

Concerning the first objection, it appears that the state highway board filed with the county court no exceptions to the commissioners' report. The court held that county court rule 18, paragraph six, required this to be done in order for the court to review the highway board's exceptions saved to the admission of certain evidence before the commissioners. However, the case as briefed and argued can be disposed of by a consideration of the highway board's second exception, therefore we do not pass upon or give further consideration to the first question above stated.

The county court rejected the finding of the commission that ''The proposed relocation is not necessary for the convenience of individuals or of the State'' and by its order condemned the property in question for use by the State of Vermont for highway purposes and gave the State of Vermont a right of easement for the purpose of a highway on, beneath and above said described land. As to damages said court order further provides:

''It is further ordered that the State of Vermont shall pay to the said George D. Nelson and

Lula P. Nelson, their heirs, administrators and assigns, as compensation therefore, the sum of Seven Thousand Dollars ($7,000) for damages made up as follows: * *."

The court then sets out the items of damage exactly as set forth in the report of the commissioners and as hereinbefore stated. After so finding the damage to be $7,000 the order continues: "And further, that judgment in accordance with the portions of said reports and findings hereby approved shall be entered on the 13th day of November, A. D. 1937, and the damages awarded in case No. 9625 shall be paid to the appellants within thirty (30) days thereafter." Judgment was entered accordingly and to this order and also to the judgment thereon the highway board had exceptions. The Nelsons claim that the point raised by the highway board's second exception was not raised below and it being raised here for the first time we are without jurisdiction to consider it. There is no merit in this contention. The various items or elements found by the court below and which go to make up the total damages of $7,000 are found as facts by the court and are fully set out in its order. Judgment for $7,000 damages was rendered thereon. While the highway board's exception to the judgment does not reach questions as to the evidence upon which the findings are based, it does raise the question as to whether the findings themselves are sufficient in law to sustain the judgment rendered thereon. *Greenwood* v. *Lamson et al.*, 106 Vt. 37, 41, 168 Atl. 915; *Crosby's Admr.* v. *Naatz*, 98 Vt. 226, 229, 126 Atl. 547; *Royal Bank of Canada* v. *Girard and Trustees*, 100 Vt. 117, 119, 135 Atl. 497; *Morgan* v. *Gould*, 96 Vt. 275, 280, 119 Atl. 517.

Hence the question presented is, are any of the elements found by the commission and adopted by the court items for which the law will not compensate? The highway board in its brief claims two such items, viz.:

"Relaying pipe leading to spring $100."

This appears to be a proper item and as the highway board in argument waived any claim of error as to the same we give this matter no further consideration.

The only item included in the elements of damage which go to make up the $7,000 judgment to which the highway board now objects is the last one, viz.:

> "Consequential damage due to the use of appellants' land in question as a new route for the main stream of public travel, 1,600 feet in the rear of appellants' buildings instead of directly in front of them as at present $4500."

To get the full and fair meaning of the words in this item we must read it in connection with the other elements of damage set forth, all of which are hereinbefore set out in full. When so read it clearly appears that the other items include the damage for the land taken, damage to the land remaining caused by such taking, including fencing, re-laying water pipe, interference with drainage, right of the State to enter on said lands in the future, etc. In short, it plainly appears from these findings that this item of $4,500 is allowed because the public will probably follow the new route and so will not pass in front of the Nelson buildings along the old route, although this old route is to be left as it is at present as to location, etc. The only change as to this road is that the same is to be turned back to the town as a town road. This item of $4,500 is allowed to the Nelsons as damages because the public in using the new route will pass 1,600 feet to the westerly of their buildings instead of in front of them as at present. In short, this sum is allowed for diversion of traffic from in front of the Nelson buildings and for nothing else. Is this element of damage one for which the law will award compensation?

The Nelsons have cited several Vermont cases in support of their contention that they should receive compensation for this item and we take up these cases in the order mentioned in their brief. In the first case, *Sanborn* v. *Village of Enosburg Falls*, 87 Vt. 479, 89 Atl. 746, our attention is called to the holding of this Court wherein it is stated:

> "Any permanent occupation of private property for public use and exclusion of the owner from its beneficial use, regardless of how the title

is left, must be by the exercise of the right of eminent domain, and must be compensated for unless it can be referred to some other governmental power, as the police power. The subjection of land to an easement of the character of a highway is a taking as much as though the absolute title passed.''

No question is now made as to the correctness of the above holding but in the opinion the Court goes on to state:

> ''*The elements of just compensation in such a case we have here no occasion to consider.*'' (Italics ours.)

The question before us was not considered in the case cited. ■ ■ The Nelsons contend that 'since it is conceded there that they are entitled to receive compensation for all the elements of damage excepting the last, this Court is without authority to review this last item. In support of this contention, they cite *Prince et al.* v. *Town of Braintree,* 64 Vt. 540, 26 Atl. 1095. However, an examination of this case shows that briefly stated the holding of this Court was that when the question under consideration is a fact to be determined in the discretion of the lower court this Court will not exercise its revisory power. But where the error claimed is one that affects the substantial justice of the case or the legal right of a party so as to become a question of law upon the facts reported, this Court under these circumstances has authority to and will consider the matter. The question here is one which affects the substantial justice of the case and is a question of law, viz., are the Nelsons entitled under the law to receive compensation for this last item? Instead of holding that we are without authority to review this question here presented, the case last mentioned is clear and positive authority to the contrary. This point made by the Nelsons is not sustained.

The Nelsons contend that the so-called market value rule is the measure of their damages in this case, that is, the value of the whole tract before the taking minus the value of what remains after the taking, and that this sum is $7,000. Two cases are cited in support of this claim. The first one is *Essex Stor-*

*age Electric Co., Inc.* v. *Victory Lumber Company,* 93 Vt. 437, 108 Atl. 426. In this case the facts may be briefly stated as follows:

Defendant owned a large lumber manufacturing plant located in the midst of a natural basin, and on the slopes of this basin the defendant also owned a large amount of standing timber made up of both hard and soft wood. Plaintiff was engaged in serving the public by furnishing electricity and in developing a water power took a portion of this basin for water storage. The standing timber and the lumber manufacturing plant were considered as making up one project. That is, it was found that the mill depended upon the timber-land for its stock and the timber-land depended upon the mill for the profitable manufacture of the timber. In disposing of the case it was assumed that all of the timber stood upon lands owned by the defendant but wholly separated from the land sought to be taken by lands owned by others. It was found that the expense of marketing a large quantity of hard wood standing on the easterly slope of the basin would be increased $10,500 because of the storage lake. It should be noted that before the taking of land in the basin defendant had the right to haul its hard wood lumber from the easterly slope, across this area taken, to the lumber mill. Plaintiff's taking of this land deprived defendant of this right. Because it could not exercise this right it cost defendant $10,500 more to market the timber on the easterly slope. In considering this case this Court stated:

> "Nor was the award rendered illegal by the method by which it was arrived at. The law measures the damages by the market value rule. This value is, as claimed, the difference between the value of the entire tract before the taking and its value thereafter. But the Commissioners could properly arrive at this result by adding to the value of the land taken the injury to what remained."

The Nelsons also cite *Hooker* v. *Montpelier & Wells River Railroad Co.,* 62 Vt. 47, 19 Atl. 775, in support of their claim. In this case it appeared that the railroad company took a por-

tion of plaintiff's land located within the city limits of Barre for railroad purposes. Plaintiff at the time owned a tract of about twelve acres all within Barre city limits. During all the time he had owned this land he had used it for farm purposes and was so using it at the time of the taking. However, he was holding it for sale as building lots and the commissioners found the entire tract available for this use. The commissioners found that if damages should be measured by the use to which the land was being put then the value of the land taken was $1,200 but if the value for building lots could be considered then the value of the land taken was $2,000. In allowing the larger sum as damages this Court stated: ''He is entitled to receive such a sum as will fully compensate him for the lessened market value of the premises occasioned by such taking.'' In this case it should be noted that the plaintiff had the legal right to hold the land taken for sale as building lots. As to so much of the land as was taken he was deprived of this right by the taking.

As applied in these cases above cited the market value rule furnishes the correct measure of damages. But care must be exercised in applying this rule. As is stated by Mr. Elliott in his work on Roads and Bridges, vol. 1, page 359, ''There are many injuries resulting from the opening of streets and roads for which landowners cannot receive compensation.'' Should compensation be allowed for any such injuries in determining the market value of what remains of a parcel of land, a part of which has been taken for a road, it follows that the result will not be correct in law.

In diverting traffic from in front of the Nelsons' buildings to the new route there is no invasion of their rights nor is there any legal injury to the land remaining. Access to their buildings remains unchanged. The buildings and lands about them will remain exactly as before establishment of the new route except that travel past the buildings will doubtless be diminished. But the State owes no duty to the Nelsons in regard to sending public travel past their door. Our trunk line highways are built and maintained to meet public necessity and convenience in travel and not for the enhancement of property of occasional landowners along the route. Benefits which come and go with changing currents of public travel are not matters in which any individual has any vested right

against the judgment of those public officials whose duty it is to build and maintain these highways. The Nelsons are not entitled to receive any compensation for diversion of traffic as allowed in the last item set forth in the elements of damages. This appears to be in line with the holdings of other courts in every instance where this question has been considered under constitutional and statutory provisions similar to ours. *State Highway Comm.* v. *Humphreys,* (1933 Texas Civ. App.) 58 S. W.(2d) 144; *Heller* v. *Atchison T. & S. F. Ry. Co.,* 28 Kan. 625; *City of Chicago* v. *LeMoyne,* (7th Cir.) 119 Fed. 662, 56 C. C. A. 278; *Jackson* v. *Chicago, etc., R. R. Co.,* (C. C.) 41 Fed. 656; *Chicago* v. *Jackson,* 196 Ill. 496, 63 N. E. 1013, 1135; *Cram* v. *Laconia,* 71 N. H. 41, 51 Atl. 635; *In re Mt. Washington Road Co.,* 35 N. H. 134; *Agnew* v. *Hotchkiss,* 189 Wis. 1, 206 N. W. 849; *Elliott* v. *Ely,* (Tex. Civ. App.) 58 S. W.(2d) 839; *Trahan* v. *State Highway Comm.,* 169 Miss. 732, 151 So. 178; also, see *Mitchell* v. *U. S.,* 267 U. S. 341, 69 L. ed. 644, 45 Sup. Ct. 293; *Joslin* v. *Providence,* 262 U. S. 668, 67 L. ed. 1167, 43 Sup. Ct. 684; *In re Powell,* 56 Ont. L. Rep. 541, 14 British Rul. Cas. 157 and note.

Hence the court below erred in including in the damages awarded the last item of $4,500. Only the other items totaling $2,500 as hereinbefore set forth should have been allowed. The result is that:

*The judgment of the county court as to the taking of the lands described is affirmed. Judgment of said court as to damages awarded and as to time of payment of same is reversed. The case is remanded to the court below with direction that judgment be entered in accordance with the result herein obtained and that said court fix a time for the payment of the $2,500 allowed as damages. Let the state highway board recover its costs in this Court.*