STATE HIGHWAY COMMISSION of Wyoming, Appellant (Plaintiff),

v.

Richard N. SCRIVNER and Millie Gale Scrivner, Appellees (Defendants),

Fossil Butte National Bank, (Defendants).

No. 5595.

Supreme Court of Wyoming.

Feb. 26, 1982.

Steven F. Freudenthal, Atty. Gen., Glenn A. Williams, Sr. Asst. Atty. Gen. (argued), and Lawrence A. Bobbitt, III, Asst. Atty. Gen., for appellant.

Dennis W. Lancaster, Phillips & Lancaster, P. C., Evanston, for appellees Scrivners.

Before ROSE, C. J., RAPER, THOMAS and ROONEY, JJ., and GUTHRIE, J., Retired.

RAPER, Justice.

From the judgment of the district court awarding appellees (owners) $31,504.00 in a condemnation suit initiated by appellant

(State), this appeal has been processed. The pivotal issue in this case concerns alternative instructions submitted to court-appointed appraisers. The question is, which, if either, is correct?

We will reverse and remand with directions to vacate the judgment, appoint new appraisers, and properly instruct them.

On September 26, 1980, the State filed a complaint seeking to condemn a small sliver of the owners' land (1/10 of an acre) located adjacent to the intersection of U.S. Highway 30 and Wyoming 89. The action was taken in connection with the planned relocation of U.S. 30. Under the relocation, U.S. 30, instead of combining with Wyoming 89 at their junction, would be extended through the intersection. It would be constructed to curve back behind and around the property remaining in the owners' possession following the condemnation. The service station operated by the owners on their property would have no direct access to the new road, but access to the old road passing in front of the station would continue. Access to the new road would be available via the old road. The old road would no longer be known as U.S. 30 but would continue to be known as Wyoming 89 though it would terminate approximately 1700 feet generally south of the owners' property. The following diagram is inserted to assist in visualizing the situation:

The highways are not of the interstate variety and there is no overpass at their intersection.

Immediate possession of the property sought by the State was given it by the district court. Appraisers were then appointed. A dispute arose as to what instructions should be given the appraisers as to the question of access. The State's proposed instruction read:

"11. As to Defendants Richard N. Scrivner and Millie Gale Scrivner, and Fossil Bute [Butte] National Bank, you are instructed that prior to the taking the Scrivners had access to the old highway and traffic was routed directly in front of their business. After the taking there will still be generally the same degree of access to the old highway as previously enjoyed; however, the new highway will

not direct or route traffic past the business, but, rather, will now direct and route traffic behind the business. Access to the new highway will not be given to the Scrivners. You are instructed that such loss of traffic to their business is not a compensable loss and one for which no payment may be made. Neither is damages to be allowed for loss of access to the new highway. The highway department, under its police powers, has the right to restrict access to the highway, and inasmuch as access to the new highway was never enjoyed by the Scrivners, they have not lost anything for which compensation is afforded."

The owners' offered instruction provided: "11. *Right of Access.* Right of access means the right of ingress to a highway from abutting land and egress from a highway to abutting land.

"The rights of an abutting owner to ingress and egress are private rights which cannot be taken or damaged without just compensation. Such rights of access are property rights. The owner had a right to reasonable and convenient access to his property considering all the uses to which the property is adaptable and available. "Although owners of real property abutting upon an existing highway have as an easement or appurtenance to such property the right of access to and from the highway, this does not mean that an owner of abutting property is entitled, as against the public, to access at all points in the boundary between the land and the highway. Such owner is entitled only to reasonable and convenient access to his property, considering all the uses to which the property is adapted and available.

"Any lack of reasonable and convenient access to the landowner's property may be considered by the Court-appointed appraisers as to whether or not it adversely affected the market value of the remainder of the landowner's property in assessing the amount of severance damages."

The district court furnished the appraisers with both instructions without advising them which instruction was correct. On January 26, 1981, the appraisers entered two awards. The one based upon the State's instruction was for $1,440.00,[1] while the one based upon the owners' instruction was for $31,504.00.[2]

On April 9, 1981, it was stipulated that the issue of which instruction was proper would be decided by the district court after the submission of briefs and arguments. Subsequently the district court ruled in favor of the instruction submitted by the owners and entered judgment for them in the amount of $31,504.00.

The taking of private property by the State is permitted by the Wyoming Constitution so long as "just compensation" is paid. Article 1, § 33, Wyoming Constitution. Considerable case law has been developed upon the subject of what precisely is "just compensation." "Just compensation" has been defined under the United States Constitution as follows:

" * * * The noun 'compensation,' standing by itself, carries the idea of an equiv-

---

1. Under the State's instruction, the appraisers allowed $600.00 for the ¹/₁₀ acre actually taken and $840.00 as damages to the remainder, for a total of $1,440.00.

2. The $31,504.00 award by the appraisers, designated an "Alternate Appraisal," had attached a narrative which opened with:
   "This alternate appraisal is based upon the instruction attached hereto and addresses the damages to subject property because of lack of direct and adequate access to the highway."
   It closed with:

"DAMAGES:

| "Land Taken | $ 600.00 |
| Severance to balance of Land | 840.00 |
| 20% Damage to Shop | 5,760.00 |
| 40% Damage to Station | 9,288.00 |
| 40% Damage to Tanks and Pumps | 6,400.00 |
| 20% Damage to Residence | 8,116.00 |
| 10% Water and Septic System | 500.00 |
| | $31,504.00" |

Then by addendum to the alternate appraisal:
   "We realize there will be great damage to this property by not having direct access to the new highway and by the old highway no

alent. Thus we speak of damages by way of compensation, or compensatory damages, as distinguished from punitive or exemplary damages, the former being the equivalent for the injury done, and the latter imposed by way of punishment. So that if the adjective 'just' had been omitted, and the provision was simply that property should not be taken without compensation, the natural import of the language would be that the compensation should be the equivalent of the property. And this is made emphatic by the adjective 'just.' There can, in view of the combination of those two words, be no doubt that the compensation must be a full and perfect equivalent for the property taken. And this just compensation, it will be noticed, is for the property, and not to the owner. * * * " *Monongahela Navigation Co. v. United States*, 148 U.S. 312, 326, 13 S.Ct. 622, 626, 37 L.Ed. 463, 468 (1893).

In Wyoming it has been described as "an equivalent in money for all property taken." *Wyoming Railway Company v. Leiter*, 25 Wyo. 286, 169 P. 1, 2 (1917). Elsewhere it has been similarly described; where property is taken, the State must pay the fair market value of that property. 4 Nichols on Eminent Domain § 12.1[4].

■ Thus the conclusion which follows is that "just compensation" is only for the fair market value of the property or property right lost or taken. Compensation for the owner's personal loss is not allowable. *Morrison v. Cottonwood Development Co.*, 38 Wyo. 190, 266 P. 117 (1928).

■ However, the question remains as to what are the proper considerations in determining the fair market value when only a portion of an owner's property is taken. In Wyoming the law is that the proper measure of damages in such instances is the difference between the fair market value of the owner's land before the taking and the value of the remainder after the taking. *Canyon View Ranch v. Basin Electric Power Corporation*, Wyo., 628 P.2d 530 (1981); *Continental Pipe Line Company v. Irwin*

longer having the traffic expose the business

*Livestock Company*, Wyo., 625 P.2d 214 (1981). It consists of two elements: The value of the land actually taken and the amount in money by which the remainder is reduced in value *as a result of the partial taking* (severance damage). *Stringer v. Board of County Commissioners of Big Horn County*, Wyo., 347 P.2d 197 (1959). In other words, here, what was the effect of taking the 1/10 acre on the value of the remainder.

In the current case then, just compensation would be the difference in fair market value of the entire parcel of land owned by the appellees before the taking and the value of the land left in their ownership after the taking. We are not sure just what instructions were given the appraisers other than those before us. The record does not contain the other instructions given the appraisers. Without them we are somewhat handicapped, but there is enough of a record present so that we can find fatal error.

The access in and out of the property was the same before and after the road construction; the only change that occurred was that the road no longer carried the designation of U.S. 30. The owners lost no access nor was it altered.

■ So, therefore, the loss-of-access cases do not apply. Here there was no taking in that regard; and consideration of any question of access was improper, only serving to highlight a non-issue. The owners' claim was in reality directed to the diversion of traffic which resulted from the rerouting of U.S. 30 so that it no longer passed directly in front of their business location, not lack of access. Diversion of traffic occasioned by the relocation of a highway is not compensable. Landowners have no property rights in any flow of traffic over a particular highway. *Woolley v. State Highway Commission*, Wyo., 387 P.2d 667 (1963); *Town of Clearmont v. State Highway Commission*, Wyo., 357 P.2d 470 (1960); *James v. State*, 88 Idaho 172, 397 P.2d 766 (1964); *Moses v. State High-*

to direct travel."

way Commission, 261 N.C. 316, 134 S.E.2d 664 (1964), cert. denied 379 U.S. 930, 85 S.Ct. 327, 13 L.Ed.2d 342; Nelson v. State Highway Board, 110 Vt. 44, 1 A.2d 689, 118 A.L.R. 915 (1938). As said in Nelson, the benefits which come and go with changing currents of public travel are not matters in which any individual has any vested right.

■ The appraisers obviously made an award of some $30,000 for loss of business due to relocation of U.S. 30. The explanation of the appraisers can be construed in no other way. The owners never had a right of access to the new U.S. 30, so they never lost any right of access. Their access to the road in front of their business did not change—only the designation was changed and the traffic flow altered. The owners' instruction was an indirect way of seeking compensation for loss of business and the totality of the appraisers' return indicated they so construed it. Loss of business is not compensable in a condemnation case. State Highway Commission v. Peters, Wyo., 416 P.2d 390 (1966); Sheridan Drive-In Theatre, Inc. v. State, Wyo., 384 P.2d 597 (1963). All of the discussion in the owners' offered instruction about access and the right thereto was unnecessary and improper.

■ Further, the procedure of submitting alternate instructions to the appraisers was improper.[3] It erroneously focused the appraisers' attention on the access issue. This may have undermined the appraisers' ability to accurately assess those elements which they properly should have considered in determining the fair market value under the before-and-after test. For example, the State's Instruction No. 11 concludes with the line that "they have not lost anything for which compensation is afforded." This may be in reference to the loss of business or may refer to access. It is unclear. This court has previously said that loss of business is a factor where it is a contributing cause of depreciation in land value. Wyoming State Highway Department v. Napoli-

tano, Wyo., 578 P.2d 1342 (1978). However, in this regard it should be noted that the loss of business resulting from the taking is not compensated for directly but is interwoven into the after value of the remaining property following the taking of the $\frac{1}{10}$ acre. Morrison v. Cottonwood Development Co., supra.

Also, the State's Instruction No. 11 was not in proper form. An adequate instruction contains only rules of law framed in a fashion understandable by lay persons. A separate instruction to appraisers should explain the exact nature of what is taken as a part of acquainting the appraisers with their mission. We also note that it states "[a]ccess to the new highway will not be given to the Scrivners." That is misleading if not inaccurate. They do have a way to and from U.S. 30, hardly disturbed from what it was before. Reference to the "police-power" of the State adds nothing to the instruction and probably to a lay person has something to do with arrest which is irrelevant to the power of eminent domain. It only compounded what must have been a bewildering experience for the appraisers.

■ Both the State and the owners, following return of the alternate and inconsistent awards, demanded trial by jury as permitted by Rule 71.1(j), W.R.C.P. They thereafter entered into a stipulation that:

"7.    *    *    *

"(a) if the Court determines that Plaintiff's proposed instructions are proper, the just compensation as awarded by the Court-appointed appraisers based on said instructions of $1,440.00 shall be awarded Defendants.

"(b) however, if the Court determines that the Defendants' proposed instructions are proper, then the just compensation as awarded by the Court-appointed appraisers, based on said instructions, of $31,504.00 shall be awarded the Defendants.

*    *    *    *    *    *

**3.** Rule 71.1(h), W.R.C.P. provides that the appraisers shall be instructed "as to the applicable and proper law to be followed by them in making their ascertainment." The court is obliged to determine the "proper law" in advance of the appraisal. To do otherwise requires the appraisers to engage in wasted motion and can be confusing.

"9. Both parties reserve the right to appeal the decision of the District Court to the Wyoming Supreme Court, pursuant to the applicable Wyoming Rules of Appellate Procedure." (Emphasis added.)

Since neither instruction was in "proper" form or language, the stipulation is of no force and effect; we have no idea what the appraisers would have done if they had been properly apprised of the law and facts describing the nature of the taking.

Reversed and remanded with directions to vacate the $31,504.00 judgment for defendants, less the appellant's deposit, appoint new appraisers,[4] and properly instruct the appraisers consistent with the law herein expressed.

---

4. The past exposure of the appraisers, who have previously acted on improper instructions, may leave them without the ability to fairly consider a fresh approach.