**Sand Bar Corporation v. Vermont State Transportation Board**

**Reginald E. Geake v. Vermont State Transportation Board**

[488 A.2d 442]

Nos. 83-052 and 83-053

Present: **Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed January 25, 1985

*Wool & Murdoch,* Burlington, for Plaintiffs-Appellants.

*John J. Easton, Jr.,* Attorney General, and *Andrew M. Eschen,* Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Per Curiam.** Plaintiffs appeal two highway condemnation cases on the issue of damages. See 19 V.S.A. § 221 (2) (defin-

ing recoverable damages). The sole issue presented on appeal is whether the trial court erred in refusing to permit expert testimony, offered by the plaintiffs, on the issue of business loss allegedly suffered by them as a result of a taking of their property for a new highway which diverted traffic away from the location of an existing business. Because the land taken was not used in connection with any business of the plaintiffs, the alleged business loss was not a result of the taking of their property, but was instead a result of the relocation of the highway. It is therefore not compensable. The testimony of the expert was thus properly excluded, and the trial court's decision is affirmed.

 Property owners are entitled to compensation for damages, which may include business losses, resulting from the taking or use of their property for highway purposes. *Sharp* v. *Transportation Board*, 141 Vt. 480, 486, 451 A.2d 1074, 1076 (1982) ; 19 V.S.A. § 221(2). To be compensable, the loss alleged must arise out of the taking. As we have previously stated: "Our statute relates business loss to property taken, not to highway relocation." *Spear* v. *State Highway Board*, 122 Vt. 406, 408, 175 A.2d 511, 513 (1961) (citing *Penna* v. *State Highway Board*, 122 Vt. 290, 292, 170 A.2d 630, 633 (1961), and 19 V.S.A. § 221).

In the first case appealed, plaintiff, Sand Bar Corporation (Sand Bar), owns a small country market located on what was once U.S. Route 2. In the second case, plaintiff, Reginald E. Geake (Geake), owns land neighboring Sand Bar's land and also located on what was once U.S. Route 2. Route 2 was relocated and currently runs behind Sand Bar's property, and through Geake's property. A portion of each plaintiff's land was condemned and taken by the State for the new Route 2. As a result of the relocation, neither plaintiff's property is located, as it once was, directly on and with access to a busy highway. Therefore, they claimed they suffered a compensable business loss as a result of the taking, and proposed to offer evidence on the value of their businesses.

 There is no evidence that the business loss the plaintiffs suffered was a result of the taking. Whatever loss there was clearly resulted from the fact that the new Route 2 diverted traffic away from the front of their property. This sort

of loss is the result of highway relocation and not the result of property being taken, and is thus not compensable. *Spear v. State Highway Board, supra,* 122 Vt. at 408, 175 A.2d at 513; see also *Sharp v. Transportation Board, supra,* 141 Vt. at 486, 451 A.2d at 1076. There being no basis for the plaintiffs to recover any alleged business loss, testimony on the value of their businesses was properly excluded.

*Affirmed.*