Hoar v. Agency of Transportation, No. S491-02 CnC  (Norton, J., May 24, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                           SUPERIOR COURT
Chittenden County, ss.:                                   Docket No. S491-02 CnC

HOAR

 v.

AGENCY OF TRANSPORTATION

ENTRY

        Defendant seeks partial summary judgment on plaintiff's severance and business loss claims arising from the creation of a new driveway to plaintiff's car dealership.  The parties agree that this driveway is not part of the .11 acres taken by necessity for which compensatory damages are sought in this appeal resulting from Route 7 reconstruction in Shelburne

and South Burlington.  Thus, it should be understood that this driveway is not part of a condemnation; it will not be used for a public purpose; and is and shall remain under the control of plaintiff in fee when construction is finished.  These are important facts to make clear because it is well-settled in Vermont that only a permanent occupation of private property for public use, which excludes the owner's beneficial use and enjoyment, constitutes a taking and entitles the owner to compensation from the state. Demers v. Montpelier, 120 Vt. 380, 387 (1958).  In addition, plaintiff must be deprived of the ability to use, enjoy, and transfer the property for it to qualify as a taking. Id. at 386.  Such is not the case here.

Plaintiff's argument relies on South Carolina State Highway Dep't v. Wilson,175 S.E.2d 391 (S.C. 1970), which allowed added compensation for the adverse effect of a median within a taking for a highway project.  The South Carolina court in that case rejected the argument (which the defendant advances in this case as well) that, because the median did not literally touch the plaintiff's land, no "taking" had occurred.  The court held basically that "but for the highway construction" there would have been no median and "any damage attributable to the planned median is an incidental result of the exercise of the power of eminent domain . . ." Id.  Urging this court to adopt the South Carolina holding, plaintiff basically argues that he is entitled to damages because the median inclusion in the highway design made the new access necessary and led to the loss of thirteen spaces which would otherwise display vehicles to attract customers.  Plaintiff argues that these dispossessed spaces translate to a resulting business loss.

Vermont law, however, does not allow business loss damages  for merely diverting traffic away from private property.  Sand Bar Corp. v. Vermont State Transp Bd., 145 Vt. 362, 363–364 (1985).  This holding has recently been reiterated in two cases in Chittenden Superior Court

connected to this same Route 7 highway project. Judge Jenkins noted in his necessity order for the project that:

> The property owners who are objecting to necessity are worried that drivers will not know where to turn to reach their businesses or will not want to make the turns. In other words, they fear that the raised median will divert traffic. If there is any diversion of traffic, however, these owners will not have suffered the loss of any right. In Nelson v. State Highway Board, 110 Vt. 44, 53–54 (1938), a compensation appeal, the court stated that "highways are built and maintained to meet public necessity and convenience in travel and not for the enhancement of property of occasional landowners along the route. Benefits which come and go with changing currents of public travel are not matters in which any individual has any vested right against the judgment of those public officials whose duty it is to build and maintain these highways."

In re: Highway Project Shelburne-S. Burlington, Conclusions of Law ¶ 9, at 27, No. S492-00CnC (Jenkins, J., Dec.17, 2001).

The necessity order was affirmed on appeal. In re S. Burlington–Shelburne Highway Project, 174 Vt. 604 (2002) (mem.). But that decision did not deal with the more focused issue in this case: Does Vermont law allow compensation for the loss of thirteen display spaces caused by a new driveway, which was created because a median was including in a highway redesign project?

In a February 2005 decision issued by Judge Katz, In Re: S.Burlington- Shelburne Highway Project (Ehrhart Parcels), No. 1343-02 CnC (Katz, J., Feb. 22, 2005) (dealing with the same project as this case), compensation for median generated damages were denied. Plaintiffs in Ehrhart, as here, argued that the broad scope of 19 V.S.A. § 501(2) combined with the reasoning in the Wilson case from South Carolina

allowed for compensation beyond the actual taking that flowed from including a median design. Judge Katz, however, found <u>Wilson</u> to be a minority holding in eminent domain law and adopted the majority of jurisdiction denying compensation as noted in Annot., <u>Abutting Owner's Right to Damages for Limitation of Access Caused by Traffic Regulations</u>, 15 A.L.R. 5th 821 (1993). Under such circumstances, Judge Katz concluded that the majority of jurisdictions "view the condemnation action and changes to traffic patterns as separate exercises of state power; condemnation requires compensation while changes to traffic patterns do not." <u>Ehrhart</u>, at 7. This court finds Judge Katz's reasoning to be persuasive and relevant to the present case. This is only strengthened by the factual commonalities existing between this case and <u>Ehrhart</u>, such as the mutual source of their claims from median construction and the fact that they originated in the same highway project. Thus, the court rejects the reasoning of the <u>Wilson</u> case and will, alongside Judge Katz, adopt the majority position on this issue.

Vermont case law supports this conclusion that business loss claims must arise from an actual taking, as opposed to an incidental or tangential loss. <u>Sand Bar Corp.</u>, 146 Vt. at 363 ("[O]ur statute relates business loss to property taken, not to highway relocation.") (citing <u>Spear v. State Highway Board,</u> 122 Vt.406, 408 (1961)). Both <u>Sand Bar Corp.</u> and <u>Spear</u> involved business losses claimed as a result of a relocation of major highways in Chittenden County. These losses were not directly associated with the taking but were based on diversion of traffic from commercial operations from the old highways. In other words the "customers are no longer going by their door." <u>Spear</u>, 122 Vt. at 408. Judge Katz recognized that, while not directly on point, this precedent does

> [E]stablish that highway design and relocation decisions that may divert traffic away from a business are non-compensable. These cases point out that, while Vermont's condemnation compensation statute may be unusually broad in that it includes both direct and proximate damages, 19 V.S.A. § 501(2), recovery is limited to damages caused by the direct loss of property taken.

Ehrhart, at 7 (citing Sand Bar Corp., 145 Vt. at 363).

Finally, Ehrhart ruled out the argument that, simply because a median was included in the highway design and was depicted on the state plan at the condemnation hearings, the results were a conversion by a police power to a compensable claim under eminent domain:

> Changes to traffic patterns are a non-compensable exercise of a state's police powers. Spear, 122 Vt. at 408. Whether the change occurs in conjunction with a project that requires use of eminent domain or independent of such a project is not a logical basis for determining when compensation is due. Indeed, the issue of a median barrier has arisen only because Vtrans depicted it on its highly detailed plan for this condemnation. But there is no statutory requirement that such details be shown. Moreover, value for the property taken must be set on the date of condemnation. Raymond v.Chittenden Cty. Circumferential Hwy., 158 Vt. 100,104 (1992) The median barrier and its consequences will not arise until sometime later.

Ehrhart, at 7.

This court agrees with these two previous Superior Court decisions issued and considers their reasoning to control. The court, therefore, grants summary judgment to the defendant as a matter of law, as no material question of fact is in dispute. Trial will proceed on the appeal of the award

for the .11 acres taken by the state.


Dated at Burlington, Vermont_____, 2005.