(126 So. 132)

## CONECUH COUNTY v. CARTER.
### (3 Div. 905.)

Supreme Court of Alabama.   Jan. 25, 1930.

Rehearing Denied April 3, 1930.

Hamilton & Jones, of Evergreen, for appellant.

Jones & Jones, of Evergreen, for appellee.

SAYRE, J.  In a proceeding to assess compensation for land taken by the county for the location of a highway, a jury in the circuit court returned a verdict awarding the defendant landowner no damages.  And then, before judgment, the court, on motion of the defendant, set aside the verdict.  The county reserved an exception and brings the case here by appeal.  The sole question at issue between the parties relates to the proper measure of the compensation to be awarded.

The judgment in the trial court appears to have been based upon the theory that the amendment of section 7489 of the Code by the Act of August 30, 1927 (Acts, pp. 492, 493) was inoperative—unconstitutional, as we presume.

The question as to the unconstitutionality of the amendment was considered in Rudder v. Limestone County (Ala. Sup.) 125 So. 670,[1] and, as for any objection then taken against it, determined in favor of the appellant in this case.  The court now finds no sufficient reason for a change of opinion.  We note, however, the fact that the language of the amendment is that "the commissioners *may*, in fixing the amount of compensation to be awarded the owner for lands taken for this use, taken into consideration the value of the enhancement to the remaining lands of such owner.  *  *  *"  It is not the opinion of this court that this language of the amended statute confers upon the commissioners—or the jury, if an appeal is taken to the circuit court as in this case—a discretion to consider or not the value of the enhancement to remaining lands.  That would lead to unnecessary and unwarranted inequalities in the administration of the statute.  It must be assumed in the interpretation of the statute that the legislative intention was that it should be administered alike in all cases.  It results that "must" is read into the proviso, amendment, in the place of "may," and that, in case of "the condemnation of lands for ways and rights of ways for public highways" —the only case in which the proviso operates —the commissioners, or the jury on appeal to the circuit court, must take into consideration the value of the enhancement to the remaining lands of the owner, meaning, of course, the enhancement in value of the remainder of the parcel or tract over which the

---

[1] Ante, p. 485.

public highway is laid out. There is no novelty in this method of interpretation. It has so often been decided as to have become an axiom of statutory construction that, where the authority is conferred to do something for the public good or the advancement of justice, compulsory force will be given the statute, notwithstanding the use of permissive words. Numerous examples may be found stated in sections 306–315 of Endlich on the Interpretation of Statutes, from which (section 310) we quote: "It is a legal, or rather a constitutional principle, that powers given to public functionaries or others for public purposes or the public benefit, are always to be exercised when the occasion arises." Construed as the court here thinks it ought to be construed, there is no tenable constitutional ground of objection to the statute, section 7489 of the Code of 1923, as amended by the Act of August 30, 1927.

The jury's verdict was supported by the great weight of the evidence and should not have been disturbed. The judgment of the circuit court setting aside the verdict is reversed, and the cause is remanded to the end that judgment in pursuance of the verdict may be entered.

Reversed and remanded.

All the Justices concur, except BROWN, J., who dissents.

