(134 So. 17)

**PRYOR et al. v. LIMESTONE COUNTY.**

8 Div. 202.

Supreme Court of Alabama.

April 16, 1931.

---

[1] Ante, p. 429.

E. W. Godbey, of Decatur, for appellants.

R. B. Patton, of Athens, for appellee.

## GARDNER, J.

Defendants in this proceeding are owners of a tract of land in Limestone county. consisting of thirty-two hundred acres, through which runs what is known as the Bee Line highway for a distance of three miles. For improvement of the old highway, and when it became what is referred to as a "State project," it was considered necessary to widen the road at this location and also elevate it to prevent overflow during the flood season, and to this end condemnation of a strip of land owned by defendants about two thousand feet in length, and comprising in all three acres, some of which contained gravel, became essential, to be used largely in widening ditches on each side of the road.

There was evidence to the effect that defendants' remaining land was enhanced in value far in excess of the value of the land taken or any damages sustained, while there was proof also to the contrary that there had been no increase in value, and that compensation for the land taken should be as much as $700. Upon a trial of the cause in the circuit court, the jury awarded defendants no damages, and from the judgment following they have prosecuted this appeal.

In the recent case of McRea v. Marion County (Ala. Sup.) 133 So. 278,[1] present term, it was held (following the lead of Town of Eutaw v. Botnick, 150 Ala. 429, 43 So. 739) that in proceedings of this character it was proper for the jury to consider the general, as well as the special, benefits accruing to the owner's remaining lands by reason of the improved highway, in considering the matter of deduction from the damages sustained.

A number of assignments of error, including the denial of the motion for a new trial, are based upon the theory that only special benefits may be so considered, and therefore, in the light of the foregoing authority, need no separate treatment here.

In the McRea Case, supra, the owners' remaining lands consisted of six hundred and twenty acres in a body, and in the instant

[1] Ante, p. 511.

case the land likewise comprises one large tract, all contiguous—the only difference being in the size of the tract—both tracts being used and chiefly valuable for farming purposes. In consideration of the question of benefits to the remaining lands, the court treated the same as referable to the entire tract, and not as confined to the land abutting upon the improved highway. A like rule is applicable to the instant case, and assignments of error based upon a contrary view are therefore not well taken. McRea v. Marion County supra; 20 Corpus Juris, p. 735, 736; 10 R. C. L. p. 157.

■■ Nor do we consider rental of the land to various tenants a matter of material consequence. As said in the McRea Case, supra, 133 So. 278, 281:[2] "The final inquiry is the difference between the value of the tract before and after the completion of the project."

■■ But, in answering this final inquiry, it is proper for the jury to consider all circumstances which tend to depreciate its value as a direct result of the work. McRea Case, supra; 20 Corpus Juris, 783. There was evidence tending to show that the ditches theretofore existing on each side of the highway were not only greatly widened, but excavated also to a depth within twelve inches of the bottom of the creek and connected therewith, thus permitting the water of the creek to flow into these ditches. Defendants asked of their witness if the overflow of the water had been increased since the improvement, and the plaintiff's general objection thereto was sustained. The question called for a statement of a collective fact material to be considered by the jury. Alabama Power Co. v. Sides, 212 Ala. 687, 103 So. 859. We are not informed upon what theory the ruling was rested, as appellee makes no comment in reply thereto. We are persuaded that the court committed error in sustaining the objection to this question. McRea Case, supra; Kentucky, etc., Co. v. Reister, 216 Ky. 303, 287 S. W. 357, 359.

■ Plaintiff was permitted to prove, over defendants' objection, by the witness Garrett, that the road was not maintained as efficiently before the improvement as immediately thereafter. We do not think the matter of stimulated diligence of the authorities in this respect is a proper question of inquiry upon the determination of the enhanced value of the property. It was a matter uncertain and depending too greatly upon the human element and changing personnel of those in charge of such affairs.

We are of the opinion the court committed error in so ruling. For the errors indicated, the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

