145 So. 151

## HATTER v. MOBILE COUNTY.

### 1 Div. 753.

Supreme Court of Alabama.

Dec. 22, 1932.

2

Inge, Stallworth & Inge, of Mobile, for appellant.

James H. Webb, of Mobile, for appellee.

GARDNER, J.

This is a condemnation proceeding by the county of Mobile for a right of way eighty feet in width through two forty-acre tracts belonging to appellant, E. Lyles Hatter, to be used in the erection of a paved highway on the west side of the Southern Railroad running through said land as a relocation of what was formerly known as the "Telegraph Road," which ran on the east side of said railroad, and likewise through this same land.

As to the two forties there are approximately five acres embraced in the land condemned, and all of which is situated about twenty miles from the city of Mobile. The major portion of the proof concerns what is referred to as the north forty, which furnished an outlet to Hatter for a large tract of land (7,000 acres) used chiefly for timber and mill site, and upon which forty he had a lumber yard and track for loading cars on the Southern Railroad. The amount of compensation awarded by the jury for the forty was $590. Along the old roadway Hatter also had some buildings, both for business and residence purposes, which he insists were damaged by the removal of the highway several hundred feet to the west.

The proof offered by defendant would justify compensation of several thousand dollars,

while that for petitioner would sustain a finding for an amount less than the jury's award, and justify the conclusion that defendant's estimates were, for practical purposes, entirely too excessive.

The south forty near Gunnison Creek was disconnected from the larger tract, but was on the old highway and upon which there were some improvements along the highway for rental purposes, and also some rental value for picnic purposes. The compensation for the right of way on this forty was fixed at $90.

On both sides of the old road, and located on these lands, Hatter had erected buildings both for residential and business purposes, the exact number of which is left uncertain by the proof.

Charge 7, given at petitioner's request, confines the inquiry of benefit or injury to the two forties mentioned herein. But we have seen that the north forty was the principal outlet for marketing the product of the larger and contiguous tract, valuable now chiefly for timber purposes (though formerly also for the turpentine business), and on which defendant also had a mill.

It was defendant's contention that the erection of this new highway largely destroyed his loading facilities, and greatly injured his lumber yard and the railroad frontage he formerly enjoyed, all of which was useful and valuable only in connection with the larger tract. In cases of this character, we have held that the effect of the taking upon the entire tract is due to be considered by the jury. McRea v. Marion County, 222 Ala. 511, 133 So. 278; Pryor v. Limestone County, 222 Ala. 621, 134 So. 17.

The giving of this charge, therefore, which runs counter to the rule stated in these authorities, was error.

In the McRea Case, supra, this court considered also the question of damage to the owner by the removal of the established highway from in front of buildings used for business purposes, and we may say as likewise applicable, buildings used and rented for residential purposes. It was the opinion of the court in that case that the jury should consider all the facts and circumstances in connection with the depreciation of such property by reason of the changed location. Following, therefore, this line of reasoning, if by such a change a storehouse located on the old highway and which was capable of use, and being rented for such purposes, loses its value as a business house, and becomes vacant, the owner should be permitted to show such fact for the jury's consideration in determining his damage, and by the same logic he should likewise be permitted to show a decreased rental produced by such change of location. Such proof is merely another way of showing damage suffered by depreciation

**4**

by a change of the use of the road formerly established.

Upon a reference to the original record and the assignments of error therein, it will be found that the question of rental referred to in Pryor v. Limestone County, supra, was in no manner similar to that here considered, and nothing in that opinion is subject to a construction contrary to the conclusion here reached.

■ The questions propounded to witness Ezelle (assignments of error 12, 13, and 14) were for the purpose of eliciting proof as above indicated, and to show that some of the buildings had become vacant, and the court committed reversible error in sustaining the objections interposed thereto. True the court permitted the witness to be re-called and re-examined, but such permission was construed as applicable only to the matter of depreciation in value in a general way, and these questions were not re-asked. And that such construction of the court's ruling was justified, is demonstrated by the action of the court later in the trial sustaining objection to similar evidence sought to be elicited from defendant himself as a witness in his own behalf, as illustrated by the eighteenth assignment of error.

■ In view of the contention on the part of defendant that the lumber loader was a fixture, which was contradicted by petitioner, we conclude that the evidence of the witness Rogers (assignments 6, 7, 8, and 9) was proper for consideration upon this disputed issue of fact.

■ Charge 2, given for petitioner, is subject to the criticism that it assumes a benefit to the remaining land, and therefore invasive of the province of the jury. It may be that read in connection with the general charge reversible error would not be predicated on this action of the court. But, in view of the reversal on other grounds, we need not determine that question and leave it to one side. What has been said will suffice for another trial of the cause.

For the errors indicated, let the judgment be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

Supreme Court of Alabama.

Dec. 22, 1932.

---

Inge, Stallworth & Inge, of Mobile, for appellant.

James H. Webb, of Mobile, for appellee.