13 So.2d 186

**BATES et al. v. CHILTON COUNTY.**

5 Div. 361.

Supreme Court of Alabama.

Feb. 18, 1943.

Rehearing Denied May 13, 1943.

298

Gerald & Gerald, of Clanton, for appellants.

Reynolds & Reynolds, of Clanton, for appellee.

LAWSON, Justice.

This was a proceeding brought by Chilton County to condemn a right of way through certain lands of appellants for a public highway. Commissioners were appointed and made an assessment of damages; the probate court confirmed the return of the commissioners and ordered the lands condemned. An appeal was taken to the circuit court and the cause there tried de novo; the sole issue of such trial being the amount of compensation or damages to be awarded the landowners.

The commissioners appointed by the probate court awarded $400 as damages to the appellants, the owners of the land. However, when the cause was tried in the circuit court, the jury found that the appellants had sustained no damages and were entitled to no compensation. Judgment was entered by the circuit court in accordance with the verdict.

Appellants duly filed a motion for a new trial on the ground that the verdict of the

jury was contrary to the great preponderance of the evidence. The motion for new trial was overruled. The appellants reserved an exception and bring the case here by appeal, assigning as error the trial court's action in overruling the motion for new trial.

The right of way sought to be condemned results from a change of the location of the Birmingham-Montgomery highway approximately two and one-half miles north of Clanton.

The appellants were the owners of a tract of land containing approximately thirty acres, which land was situated in a farming community about two and one-half miles north of Clanton. Prior to the taking of the right of way here involved, appellants' property was bounded on the north and east sides by the old Birmingham-Montgomery highway. The right of way involved in this case was condemned 120 feet wide and is situated to the south and west of the old highway. It cuts through appellants' property, leaving a narrow strip of land between the two highways. Approximately 3.3 acres was left between the two highways and 5.1 acres was taken in the new right of way. As a result of the relocation of the highway, it was necessary for appellants' dwelling house, barn and filling station to be moved. The cost of the moving of these buildings was borne jointly by appellants and the State Highway Department. As a result of the moving, the buildings were damaged, but the evidence as to the extent of such damage is in conflict. The evidence is also in conflict as to the loss resulting to appellants from the destruction of shrubbery and fruit trees.

The evidence for appellants tends to show that the value of the entire tract of land after the taking of the highway and the moving of the buildings is several thousands of dollars less than it was prior thereto. On the other hand, witnesses for the County testified that the value of the entire tract was not decreased by the relocation of the road, and several of them testified that appellants' property was increased in value as a result of the construction of the new highway.

■ The final inquiry is the difference between the value of the tract before and after the completion of the project. McRea v. Marion County, 222 Ala. 511, 133 So. 278; Pryor et al. v. Limestone County, 222 Ala. 621, 134 So. 17. Under Section 14, Title 19, Code of 1940, in cases of "the condemnation of lands for ways and rights of ways for public highways" the commissioners, or the jury on appeal to the circuit court, must take into consideration the value of the enhancement to the remaining lands of the owner; that is, the increase in value of the remainder of the parcel or tract over which the highway is constructed. Conecuh County v. Carter, 220 Ala. 668, 126 So. 132; Rudder v. Limestone County, 220 Ala. 485, 125 So. 670, 68 A.L.R. 776; McRea v. Marion County, supra.

■■ As before stated, the evidence for the County tended to show that the value of the remainder of appellants' lands was increased to an extent equal to or in excess of the damage done to appellants by the taking of that part of the land needed for a right of way. We do not deem it necessary to set out the evidence in detail. Suffice it to say that we have in conference fully and carefully considered all of the evidence and are not persuaded that, after allowing all reasonable presumptions in favor of the correctness of the verdict, that the preponderance of the evidence against the verdict is so decided as to clearly convince us that it is wrong and unjust. Cobb v. Malone and Collins, 92 Ala. 630, 9 So. 738. The court and jury heard and saw each of the witnesses testify, and an examination of the record persuades us that this was of peculiar advantage upon the issue of fact for determination. Verdicts are not to be set aside merely because they do not correspond with the opinion of the court or are against the mere preponderance of the evidence. Huckaba v. Hill, 209 Ala. 466, 96 So. 569. We do not think that the action of the trial court in denying the motion for new trial upon this ground should be here overturned.

■ Appellants contend that the trial court erred to a reversal in permitting the witness Cagle to testify, over appellants' objection, as to the value of appellants' property. The ground of the objection was in substance that it was not shown that the witness had such knowledge of the property as to qualify him to express an opinion as to its value. The evidence shows that the witness had "known" the property for a long time; was familiar with the buildings located thereon; had a general knowledge of the boundaries on two sides of the property; did not know of his own knowledge the exact number of acres included in the tract, but had based his estimate of value on twenty-five acres, which

is approximately the number of acres remaining in the tract after the taking of the right of way here involved. We think the evidence shows that the witness was sufficiently familiar with the property to express an opinion as to its value. The weight of such evidence is, of course, for the jury. Union Fire Ins. Co. of Paris, France, v. Ryals, 25 Ala.App. 300, 145 So. 503; Alabama Power Co. v. Christian, 216 Ala. 160, 112 So. 763; State ex rel. Kendall et al. v. Mohler et al., 115 Or. 562, 237 P. 690, 239 P. 193; Muir et al. v. Robinson, 205 Ind. 293, 186 N.E. 289.

The witness C. Fenn Jones testified on behalf of Chilton County as to the value of appellants' property. He testified that in his judgment the property is as valuable after the taking of the property used for the right of way as it was prior thereto and is perhaps worth as much as $500 more than it was prior to the time the highway was relocated.

On cross-examination he testified as follows: "I do not remember an occasion right after they started the improvement of the Birmingham-Montgomery highway, when I and Mr. Claud Pipes drove up the road and stopped and had a conversation with Mr. and Mrs. Bates right after they started work on the road; I don't think I do."

Counsel for appellants then propounded the following question to the witness: "I will ask you to state if you did not have a conversation and if you did not state to them at that time that there was no sense in their going through their farm like they did, and that it was literally going to ruin them?"

The trial court sustained an objection interposed by the plaintiff and stated: "If it were addressed to value—this conclusion whether or not it would ruin them is not based on value."

The appellants reserved an exception to this ruling of the trial court.

■ We are of the opinion that the court erred in not permitting the witness to answer the question propounded to him on cross-examination by counsel for the appellants. In the case of Rogers et al. v. Whittle, 15 Ala.App. 550, 74 So. 96, 97, it is said: "The plaintiff Rogers testified as to the value of the property, and it was competent for the defendant to show on cross-examination of Rogers that he had made a contradictory statement as to its value. This evidence was admissible for

the purpose of impeaching the credibility of the witness."

The undisputed evidence in this case shows the taking of more than five acres of land belonging to the appellants, the value of which was variously estimated as being from $50 to $100 an acre. The evidence is also undisputed that the buildings of the appellants which were moved as the result of the relocation of the highway were damaged although there was a conflict as to the extent of this damage. It appears to us, therefore, that the evidence for the County tending to show that the property of appellants was enhanced as the result of the construction of the new highway was, of necessity, considered by the jury in concluding that the appellants had suffered no damage and were entitled to no compensation. The appellants, therefore, should have been permitted to prove any statements made by the witness Jones inconsistent with his testimony relating to the value of the property before and after the taking. We think that the court should have permitted the witness to answer whether or not he had made a statement to the effect that the change in the location of the highway would "literally ruin" the appellants. Such a predicate was necessary before the appellants could prove such inconsistent statements. What possible meaning could be attributed to the words "literally ruin" other than it would affect the value of the appellants' property? If such a statement had reference to the fact that the relocation of the highway would affect the accessibility of the improvements then located on the property, the appellants should have been permitted to so prove. In the case of McRea v. Marion County, supra [222 Ala. 511, 133 So. 281], it is said: "While the county may not be under any duty to the property owner to maintain the highway near his residence, store, or other business enterprise, nor through his property, and may change its location through it, it cannot take any of his property to do so without his consent, or the payment of just compensation and damages as required by the Constitution and law. The amount of such compensation under the amended section 7489 [Section 14, Title 19, Code of 1940] and damage are measured by the effect of the project as a whole upon the value of the entire tract. The circumstance that thereby the improvements and business enterprises are made less accessible to the highway, whereas they were situated upon it before

the new work, may, or may not, affect the market value of the entire tract. That is not an element of damage but a circumstance to enter into the question of the effect of the improvement upon the entire tract. The circumstance that thereby traffic no longer goes by or near the location of the store and other improvements on the land need not necessarily depreciate the market value of the six hundred and twenty acres. But the jury should be informed of the circumstance and have the question left to their ultimate decision."

We are, of course, mindful of the rule that the range of cross-examination rests largely in the discretion of the trial court, and the court's ruling thereon will not be here revised unless it is made clearly to appear that error interfered to the prejudice of the objecting party.

But the right of cross-examination is a valuable right, "probably and generally the most effective instrumentality for eliciting the witness' 'means of obtaining correct and certain knowledge of the facts to which he bears testimony.'" Tate v. State, 86 Ala. 33, 5 So. 575; Louisville & N. R. Co. v. Martin, 240 Ala. 124, 198 So. 141.

We are of the opinion that the right of cross-examination was too narrowly confined and for the ruling in this regard the judgment must be reversed.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.