16 So.2d 12

**COFFEE COUNTY v. SPURLIN.**

4 Div. 297.

Supreme Court of Alabama.

Dec. 16, 1943.

J. C. Fleming, of Elba, for appellant.

Carnley & Carnley, of Elba, for appellee.

STAKELY, Justice.

This is a proceeding for condemnation of land for a public highway. The question is presented as to what effect, if any, war conditions, which prevent completion of the project according to plan, should have on the rights of the parties.

On December 10, 1941, Coffee County instituted the proceedings in the Probate Court of Coffee County. Among the property owners named in the petition was J. R. Spurlin. In due course the court appointed commissioners to assess damages and compensation for the owners of the property. The commissioners reported no damage to J. R. Spurlin. Thereupon the property was condemned. An appeal was taken from this order to the Circuit Court of Coffee County, where the case was tried de novo. On March 2, 1943, the jury returned a verdict in effect condemning the property and assessing "the compensation and damages to which J. R. Spurlin is entitled as None."

Thereupon, J. R. Spurlin, the defendant, made a motion for a new trial, which the court granted. This appeal has been taken from this ruling of the court.

The facts are undisputed that Coffee County, desiring to improve an existing road in front of defendant's property, condemned part of defendant's property abutting on the road, the land taken being about one-half to three-fourths of an acre. The land taken was worth from $25 to $50 per acre. The proposed highway, when completed, contemplated a hard surface road, generally called blacktop. If the highway could be completed according to plan, then the enhancement in value to the remaining lands would more than offset the value of the lands taken. However, the only work actually done was grading and widening the road, no base being laid

down and no paving. The work was stopped because of lack of machinery and materials, arising out of war conditions. Work ceased about a year before the case was tried. There was no enhancement in value to the remaining lands by reason of the work which was done.

█ The court charged the jury in substance that it should first value the land taken from the defendant and then ascertain the value of the remaining lands before any work was done and then when the work stopped; that if there was no difference in such value, defendant would be entitled to the value of the lands taken, but if the remaining lands were enhanced to an extent equal to the value of the lands taken, then the defendant would not be entitled to any award.

The court further charged the jury that it could not take into consideration the value of the remaining lands as though the highway had been completed according to plan. No exception was taken to the oral charge by the defendant nor did the defendant ask for the affirmative charge. The instructions to the jury were erroneous because they are contrary to the requirements of the statute (§ 14, Title 19, Code of 1940).

"The proper rule for the admeasurement of damages and compensation for taking of land for right-of-way to construct a public highway is the value of the land actually taken and consequent damage to adjoining lands and the commissioners or court in fixing the amount to be allowed the land owner must take into consideration the value of the enhancement to the remaining lands of such owner by reason of the construction of said highway. Code, § 7489; Acts of Alabama 1927, p. 492 [Code 1940, Tit. 19, § 14]; Conecuh County v. Carter, 220 Ala. 668, 126 So. 132; McRea v. Marion County, 222 Ala. 511, 133 So. 278." Pickens County v. Jordan, 239 Ala. 589, 196 So. 121, 122.

█ To sum up the situation, the jury awarded the defendant nothing, although his lands which were taken had value under the undisputed evidence and although, under the undisputed evidence, his remaining lands were not enhanced in value by the work actually done. Accordingly, we think the court acted correctly in granting the motion because, under the instructions of the court, the defendant was entitled to an award for the lands

taken. This is true even though the instructions of the court were erroneous and the defendant did not ask for the affirmative charge.

"The oral charge of the court and the special charges given at the request of the parties constituted the law of the case for the guidance of the jury on the trial. Whether or not the charge, thus constituted, correctly states the law is not a matter for jury consideration, and if the verdict of the jury when considered in the light of the court's charge is contrary to the undisputed evidence, or against the great weight of the evidence, on motion for new trial it should be set aside. Penticost v. Massey, 202 Ala. 681, 81 So. 637; City of Decatur v. Finley, 221 Ala. 101, 127 So. 518." Franklin Fire Ins. Co. v. Slaton, 240 Ala. 560, 200 So. 564, 566.

"If the affirmative charge was due to be given for appellant, though not requested, because the evidence was insufficient to justify a verdict for plaintiff, the motion for a new trial should have been granted on that ground." Kelley v. Lovett, 236 Ala. 538, 183 So. 855, 856.

██ The statute (§ 14, Title 19, Code of 1940) takes no account of the situation arising out of war conditions. It contemplates an award which visualizes a highway completed according to plan. Here the highway was not so completed and may not be for an indefinite period without fault of any one. How, then, can justice be done under present war conditions? The statute must govern and we cannot legislate. We are not unmindful of the constitutional limitations on the jurisdiction of this court (§ 140, Constitution of Alabama of 1901), but in this instance we need not await action by the lower court, since this would only result in unnecessary or hurtful delay. Ex parte State ex rel. Knight, 229 Ala. 513, 158 So. 317. If this court can ex mere motu notice a defect of jurisdiction of the lower court over the subject matter (Hill v. Tarver, 130 Ala. 592, 30 So. 499), why can it not ex mero motu notice the impossibility of trying this case in the lower court under the statute under present war conditions? We think it can. We think there is a precedent for action by this court which will do justice as nearly as possible under the circumstances.

In the case of Watts, Watts, & Co. v. Unione Austriaca di Navigazione, etc., 248

U.S. 9, 39 S.Ct. 1, 2, 63 L.Ed. 100, 3 A.L.R. 323, the Supreme Court of the United States reinstated a libel which had been dismissed in the lower court. In making the reinstatement because of conditions changed by the entry of the United States into war, the Court said:

"This court, in the exercise of its appellate jurisdiction, has power not only to correct error in the judgment entered below, but to make such disposition of the case as justice may at this time require. * * *

"Under these circumstances, we are of opinion that the decree dismissing the libel should be set aside and the case remanded to the District Court for further proceedings, but that no action should be taken there (except such, if any, as may be required to preserve the security and the rights of the parties in statu quo) until, by reason of the restoration of peace between the United States and Austria-Hungary, or otherwise, it may become possible for the respondent to present its defense adequately."

Since by our decision the action of the lower court in granting a new trial has been affirmed and the case in due course will be called for trial again, we direct that no action be taken in the lower court until, by reason of the restoration of peace or otherwise, it may be possible for the parties to present their case adequately in accordance with the provisions of the statute (§ 14, Title 19, Code of 1940). An order of general continuance during the emergency should be entered.

Affirmed with instructions.

GARDNER, C.J., and BOULDIN and FOSTER, JJ., concur.