31 So.2d 346

## ROUNTREE FARM CO. v. MORGAN COUNTY.

### 8 Div. 373.

Supreme Court of Alabama.

June 19, 1947.

Rehearing Denied July 31, 1947.

S. A. Lynne, of Decatur, for appellant.

Julian Harris and Norman W. Harris, both of Decatur, for appellee.

474

LIVINGSTON, Justice.

Morgan County, a municipal corporation, filed its petition in the Probate Court of Morgan County to condemn certain described lands for use as a public road. The land sought to be condemned is a strip thirty feet wide, extending from east to west along the half section line of Section 24, Township 6 South, Range 4 West, in Morgan County, for a distance of one-half mile, or halfway across said section 24, fifteen feet lying north of said half section line, and fifteen feet lying south of said half section line. However, the west three hundred and thirty feet north of said half section line is not here involved. The property belonged to the Rountree Farm Company, a corporation.

The probate court denied the petition, and Morgan County appealed to the circuit court. The landowner demurred to the petition in the circuit court, and the demurrers were overruled. It then interposed seven pleas, the general issue and six special pleas. Demurrers were sustained to the six special pleas. The trial court entered a judgment of condemnation, and the question of damages was tried before a jury. The jury's verdict fixed the damages at $300, and judgment was entered accordingly, from which the Rountree Farm Company appealed.

It is insisted that the petition to condemn fails to allege sufficient facts to authorize condemnation: specifically, that the Board of Revenue and Control of Morgan County "has by resolution, duly adopted by it, ordered the condemnation of said land," is a mere conclusion of the pleader.

■■ Section 3, Title 19, Code of 1940, prescribes the allegations necessary to a petition for condemnation. We have held that a petition which complies with the statute is sufficient. Stout v. Limestone County, 211 Ala. 227, 100 So. 352. And it was expressly held in Dean v. County Board of Education, 210 Ala. 256, 97 So. 741, that it was not necessary to allege that the condemning authority has ordered the condemnation. The allegations here complained of are surplusage, and do not render the petition defective, insufficient or demurrable under section 3, Title 19, supra.

■ Over appellant's objection the minutes of the Board of Revenue and Control of Morgan County, showing the order passed by the board for the condemnation of the lands, were introduced in evidence. The theory upon which appellant seems to have based its objection was that the minutes should show a formal resolution of the board; should show who offered it, that a vote was taken on it, how each member voted, and that its adoption was duly declared by the chairman.

The Board of Revenue and Control of Morgan County is governed by a Local Act, sections 2 and 3 of which provide that the chairman of the board shall write and keep the minutes of the proceedings of the board. Local Acts 1939, page 70. The statutes do not prescribe any particular formality for the proceeding of the board, or for keeping its minutes. In the instant case, we think the minutes show a sufficient adoption of the order of condemnation, if indeed such a showing was necessary. See, Dean v. County Board of Education, supra, and McClure v. State, 17 Ala.App. 618, 88 So. 35.

■ Assignments of error 17, 18, 19, 20, 21, 22, 23 and 24, relate to the action of the trial court in refusing to give the several charges copied in the several assignments. These several assignments are argued together in brief. We have carefully examined the charges, and are clear to the conclusion that each in turn was fully and properly covered by the court's oral charge. Moreover, where assignments of error based on refused charges are argued jointly and in bulk, all assignments meet the same fate, if there can be no reversal as to either charge. Soverign Camp. W. O. W. v. Davis, 242 Ala. 235, 5 So.2d 480, and cases there cited. Refused charge G is palpably bad.

■ The objection made the basis of assignment of error 30 was a general objection to a question propounded to appellee's witness Wallace Meadows, and was overruled without error.

Assignment of error 32.

■ Luther Clemons, a witness for appellee, was asked "state to the jury whether

or not the land of the Rountree Farm Corporation, in your opinion, was worth more after the condemnation of this right of way and the building of the road there than it was immediately before that?" The court overruled appellant's objection, and the witness answered: "If I was going to buy it, the land would be worth more now than it was before the road came in, especially J. H. and W. B. Rountree's, because they were cut off from the main Walnut Grove Road, or any right of way getting out to their farm." Appellant moved to exclude the answer. The court inquired "all of it?" to which counsel for appellant replied, "substantially all, because he said if he was going to buy it, it would be worth more." The court overruled the motion to exclude. Thereupon the witness was asked the following questions: "I ask you if that is true with reference to the reasonable cash market value, that is, what a purchaser would pay?" The witness replied, "yes, sir." (Question) "And that is true with reference to both tracts of land?" (Answer) "yes, sir."

That the foregoing was harmless error, if error at all, is well illustrated in the case of City of Huntsville v. Pulley, 187 Ala. 367, 65 So. 405, 408, where it was said:

"The defendant was allowed to ask several of her witnesses whether her property had been enhanced in value by reason of the improvement in question. It may be conceded that, where the question is whether property has been either damaged or benefited, the proper form of inquiry, if specific, should be as to the value of the property before and after the damnifying or benefiting act has taken effect. Town of Eutaw v. Botnick, 150 Ala. 429, 43 So. 739. Accordingly it has been held that a witness cannot state the amount certain land has been damaged by reason of building a railroad through it. Montgomery & W. P. R. Co. v. Varner, 19 Ala. 185; A. & F. R. Co. v. Burkett, 42 Ala. 83. It has also been frequently held that a witness cannot state generally that property has been damaged. Sloss, etc., Co. v. Mitchell, [181 Ala. 576], 61 So. 934, and cases cited.

"But, where it clearly appears that the witness is stating such a conclusion with specific reference to antecedent and subsequent values, the allowance of the conclusion would be harmless, and hence nonreversible error. St. Louis & S. F. R. Co. v. Cash Grain Co., 161 Ala. 332, 50 So. 81; Johnson v. State, 37 Ala. [457], 459. We think also that, when the question and answer speak solely to the absence of any damage or benefit, common sense must reject the notion that the opposite party could be prejudiced by the failure of the witness to state formally what the value was before and after, instead of stating simply and directly that it remained the same. In this connection it is but proper to observe that appellate courts are no longer reversing judgments because of the allowance of questions and answers that are variant only in form, and are clearly good in substance and effect." See, also, Alabama Power Co. v. Henson, 237 Ala. 561, 187 So. 718.

Assignment of error 32 is patently without merit, and needs no further discussion.

■ Assignment of error 36 involves the admissibility of the tax assessment made by Charles Rountree of the Rountree Farm Company, introduced on the cross-examination of Rountree. As stated in Dean v. County Board of Education, supra, this was a reasonable exercise of the right of cross-examination of the witness, not for the purpose of showing the value of the land, but as an admission against interest, testing his credibility, judgment of value, and his memory.

The area of the strip of land condemned is one and seven-tenths acres.

■ In proceedings to condemn land by a county for a right of way for a public highway where only part of a tract is appropriated, the final inquiry as to the compensation to be awarded, if any, is the difference between the value of the entire tract immediately before the taking, and the value of the part of the tract remaining after the taking, giving effect to any enhancement in value of the tract remaining resulting from the construction of the road. Section 14, Title 19, Code of 1940; Bates v. Chilton County, 244 Ala. 297, 13 So.2d 186; Pickens County v. Jordan, 239 Ala. 589, 196 So. 121; Pryor v. Limestone County, 222 Ala. 621, 134 So. 17; McRea **v.**

Marion County, 222 Ala. 511, 133 So. 278; Conecuh County v. Carter, 220 Ala. 668, 126 So. 132; Rudder v. Limestone County, 220 Ala. 485, 125 So. 670, 68 A.L.R. 776.

If the part of the tract remaining is worth as much as or more after the project than the entire tract was worth immediately before the condemnation, the landowner has sustained no damage and is not entitled to any compensation. Authorities, supra.

In Bates v. Chilton County, 244 Ala. 297, 13 So.2d 186, 188, it was said:

"The final inquiry is the difference between the value of the tract before and after the completion of the project. McRea v. Marion County, 222 Ala. 511, 133 So. 278; Pryor et al. v. Limestone County, 222 Ala. 621, 134 So. 17. .Under Section 14, Title 19, Code of 1940, in cases of 'the condemnation of lands for ways and rights of ways for public highways' the commissioners, or the jury on appeal to the circuit court, must take into consideration the value of the enhancement to the remaining lands of the owner; that is, the increase in value of the remainder of the parcel or tract over which the highway is constructed. Conecuh County v. Carter, 220 Ala. 668, 126 So. 132; Rudder v. Limestone County, 220 Ala. 485, 125 So. 670, 68 A.L.R. 776; McRea v. Marion County, supra."

In condemnation cases there is often, as here, a wide divergence of opinion of witnesses as to values and items of damage. Claims by the property owner are sometimes exaggerated, and on the other hand are frequently minimized by the condemnor, both usually acting in good faith. The jury trying the issue must arrive at its verdict by reconciling the various opinions as best it can, and must analyze the evidence in the light of its common knowledge.

Because of these matters it is generally recognized that the conclusion of the original trier of fact, the court or the jury,

who saw and heard the witnesses and observed their conduct and demeanor on the stand is entitled to great weight. It was further said in the Bates case, supra:

"As before stated, the evidence for the County tended to show that the value of the remainder of appellants' lands was increased to an extent equal to or in excess of the damage done to appellants by the taking of that part of the land needed for a right of way. We do not deem it necessary to set out the evidence in detail. Suffice it is to say that we have in conference fully and carefully considered all of the evidence and are not persuaded that, after allowing all reasonable presumptions in favor of the correctness of the verdict, that the preponderance of the evidence against the verdict is so decided as to clearly convince us that it is wrong and unjust. Cobb v. Malone and Collins, 92 Ala. 630, 9 So. 738. The court and jury heard and saw each of the witnesses testify, and an examination of the record persuades us that this was of peculiar advantage upon the issue of fact for determination. Verdicts are not to be set aside merely because they do not correspond with the opinion of the court or are against the mere preponderance of the evidence. Huckaba v. Hill, 209 Ala. 466, 96 So. 569. We do not think that the action of the trial court in denying the motion for new trial upon this ground should be here overturned."

That opinions of witnesses as to value are not binding on the court or jury is well settled in Dean v. County Board of Education, supra.

The jury in the instant evidently accepted, as well as discounted, parts of the testimony of each of the witnesses in arriving at its verdict. The court who had the benefit of the "atmosphere" of the trial declined to disturb that verdict; and we do not feel that we should do so here.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.