59 So.2d 804

## MORGAN COUNTY v. GRIFFITH.
### 8 Div. 651.

Supreme Court of Alabama.
June 19, 1952.

Julian Harris and Norman W. Harris, Decatur, for appellant.

Russell W. Lynne, Decatur, for appellee.

FOSTER, Justice.

This is an appeal by the county from a final judgment of the circuit court ordering the condemnation of a certain strip of land for highway purposes, and fixing the damages and compensation to be paid for it. The trial was *de novo* in the circuit court by the presiding judge without a jury, as provided for in section 264, Title 7, Code. Moore v. City of Mobile, 248 Ala. 436, 28 So.2d 203.

An appeal lies to this Court, section 23, Title 19, Code, from a judgment by the circuit court, or court of like jurisdiction, without a jury, and such finding is thus reviewed without an exception. Section 260, Title 7. While it is said in Moore v. City of Mobile, supra, that section 264, and not section 260, applies to jury trials on appeals to the circuit court in condemnation cases, we think section 260 does apply to appeals to the Supreme Court from the final judgment in the circuit court. Under the Code of 1923, section 9502 had application. The Code of 1940 added to section 9498 of the Code of 1923 the last sentence of section 9502, which is: "The finding of the court on the facts shall be subject to review without an exception thereto." We think section 260, Title 7, Code, furnishes the formula to be observed by this Court in a review of condemnation proceedings on appeal from a judgment of the circuit court tried without a jury, although it does not apply to the demand for a jury in such cases. This was evidently intended by combining in this respect section 9502, which was applicable to all trials without a jury, with section 9498 applicable to cases which originate in the circuit court, not to those on appeal to that court. It is well settled that, notwithstanding the requirements of section 260 that on appeal this Court will review the judgment of the lower court without any presumption in favor of it, we will not reverse it when the evidence is given *ore tenus* before the judge trying without a jury, unless under such circumstances we would hold that if tried by a jury a motion to set it aside should have been sustained. We need not again cite those cases.

In Rountree Farm Co. v. Morgan County, 249 Ala. 472, 31 So.2d 346, the Court applied in a condemnation case (like other cases), where there was a jury trial in the circuit court, the rule that the conclusion reached by the trier of the facts under such circumstances was entitled to great weight, and affirmed the finding by the jury which was sustained by evidence so given.

We have the same condition here from that standpoint. There were many witnesses whose testimony supported the valu-

ation and, therefore, the amount of just compensation fixed by the trial judge. It was not at all unreasonable.

The property condemned was off the west side of an attractive suburban residence lot, with the home constructed of concrete blocks stuccoed and painted. It was built for and used as a dwelling, and shown by the pictures offered in evidence to be attractive. It is located on the west of Bee Line Highway No. 31, just out of and north of Hartselle. The house is about sixty feet west of the right-of-way line and ninety feet west of the paved surface. The proposal is to relocate Highway No. 31, leaving the old road in front of appellee's house intact as a county road, and building a four lane highway west of the house, taking about one-fifth of an acre off a none too large residence lot. The right-of-way of the new highway will be twenty-three feet from the corner of his house, and the paved surface road seventy-five feet. The highway is heavily traveled, estimated to be about five thousand persons in twenty-four hours. The change makes the back of appellee's house face the new highway. The highways join each other a short distance north of the lot in question, so that it will be in a triangle. In the relocation of the highway appellee's trees were cut and his barbecue pit moved.

■ There is much evidence that those two conditions greatly depreciate the market value of the property. One can be corrected by changing the front of the house so that its present rear will be the front. The other is that it is in a triangle with a much frequented paved road on each side, with attendant noise and hazard. It will not benefit the lot to such extent as to make section 14, Title 19, Code, applicable. Those results are properly considered on the question here involved. McRea v. Marion County, 222 Ala. 511, 133 So. 278; Hatter v. Mobile County, 226 Ala. 1, 145 So. 151.

We cannot sustain the contention of appellant that the amount fixed by the court as just compensation is contrary to the great weight of the evidence and should be set aside.

■ Appellant also assigns as error an adverse ruling on its objection to evidence by two different witnesses, who were shown to be contractors by trade, as to what the cost would be to transform the house so as to make it face the west, the location of the new highway, instead of toward the east, the location of the old one. The court in overruling the objection noted that the proper formula for arriving at the amount to be awarded as damages and just compensation is the difference between the value of the entire lot with the house on it before the relocation of the highway is made and its value after it is made, caused by said proposed project when completed.

It is well settled that such is the correct formula. This includes the depreciation of the property as a home, for which it was built, by reason of all the factors shown to attend such change, or its enhancement in value for that purpose. McRea v. Marion County, supra; Bates v. Chilton County, 244 Ala. 297, 13 So.2d 186; O'Neill v. City of Birmingham, 221 Ala. 580(11), 130 So. 87; Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795, 9 A.L.R.2d 974; Rountree Farm Co. v. Morgan County, supra; Crawford v. City of Decatur, 226 Ala. 418, 147 So. 615; Pryor v. Limestone County, 222 Ala. 621, 134 So. 17; Alabama Central R. R. Co. v. Musgrove, 169 Ala. 424, 53 So. 1009; Town of Eutaw v. Botnick, 150 Ala. 429, 43 So. 739.

■ We think the evidence as to what it would cost to change the front of the house from its east side to the west side is not irrelevant for consideration by the judge or jury as the trier of the facts, not as an element of damage but as affecting the extent of the depreciated value by reason of the layout. That is only a circumstance for consideration in connection with all the other circumstances and opinion evidence of value by the witnesses. There was no reversible error in either respect, as contended for by appellant.

Affirmed.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.