81 So.2d 288

**PIKE COUNTY**

v.

**Fannie Mae WHITTINGTON.**

**4 Div. 819.**

Supreme Court of Alabama.

May 12, 1955.

Rehearing Denied June 23, 1955.

48

Oliver W. Brantley, Troy, for appellant.

W. R. Martin, Ozark, Gibson & Byars and E. C. Orme, Troy, for appellee.

SIMPSON, Justice.

Appeal from a judgment granting a new trial in a condemnation proceeding.

United States Highway 231 runs through Pike County and in order to straighten the highway it has been relocated at various places in the county. The appellee is the owner of a five-acre tract, the eastern boundary of which was the old Highway 231 prior to its relocation. Facing and abutting the right of way were certain improvements consisting primarily of a combination residence, grocery store and filling station. When the highway was relocated, it traversed the western part of the five-acre tract and the new right of way required eight-tenths of an acre through a sedge field. The appellee could not agree with Pike County officials as to her compensation for the land taken and the County (appellant here) filed condemnation proceedings under the eminent domain statute. The commissioners awarded her the sum of $75 as compensation and she appealed to the circuit court. The jury fixed her compensation and damages at $200. She made a timely motion for a new trial on the ground, inter alia, that the verdict of the jury was inadequate and the court

granted the motion "for the reason that the verdict is contrary to the preponderance of the evidence in the case and the damages inadequate taking into consideration all the evidence."

The evidence for the appellee, other than pictures and maps, consisted of testimony of six witnesses, who estimated a value of the tract before the taking of from $8,000 to $12,000 and a value after the taking of $2,000 to $4,000. Three of these witnesses estimated the value of the acreage actually taken for the new highway to be $40, $120 and $160. The only disinterested witness for appellee, the former president of a bank, who placed the before and after value at $10,000 and $4,000 respectively, testified as to the decrease in value as follows:

"Q. So it is based upon a lessening of traffic where her business was situated? A. That is correct. Q. That is the sole basis of your assumption? A. Yes."

While only one other witness, the gas distributor who serviced the gas pumps, testified that his appraisal was based upon a loss of traffic, it is evident that this was the main consideration upon which all of appellee's witnesses based their opinion as to the amount of damages suffered by appellee.

The only other evidence was given by two of the commissioners, who testified for the appellant and stated that the land taken was in their opinion worth $75.

The contention of the appellant is stated in brief as follows:

"The substantive question is whether 'just compensation' for land taken for highway purposes includes damages for diversion of traffic by the new highway from the old highway upon which the owner's improvements are situated. Our view is that 'just compensation' includes the value of the land taken, and, where it is an integral part contributing to the usefulness and value of a larger tract, damages to the remainder of the tract resulting from the loss of the parcel taken. But where the land appropriated is not an integral part contributing to the usefulness and value of the whole tract, there is no consequential damage to the remainder resulting from the loss of the parcel. It is the same as if the land taken were a separate tract, for it has no relation to the purpose, the usefulness or the value of the remainder. Its relation is purely physical, not utilitarian.

"There is no property right in the volume of traffic and the state owes no duty to maintain it. It is quite beyond the power of the state to force the public to travel the road in front of appellee's place of business and it owes no duty to encourage travelers to do so by refusing to build better routes. The damages of which appellee complains are suffered in common by her and those whose land was not taken alike. The loss of the particular land is not what causes her damage, but merely the construction of a better route, whether it goes over her land or someone else's."

Appellee in answer to this contention says in brief:

"We insist that the meat in this present case is the question of compensation for taking part of a tract of land and consequential damages to the remainder of that same tract of land taking into consideration the depreciation in the market value or the enhancement of the market value of the remaining part of such tract, in relation to the use, income, adaptibility of the tract of land before and after the taking and the completion of the project."

It is agreed by both parties to this appeal that the appellee would be entitled to no compensation if the new right of way did not touch her land at any point.

This court has on numerous occasions enunciated the rule applicable to reviewing the propriety of the action of the trial judge in granting a motion for a new trial. We are committed to the rule

that decisions granting new trials will not be disturbed unless the evidence plainly and palpably supports the verdict. Cobb v. Malone, 92 Ala. 630, 9 So. 738. Some of the most recent cases supporting this well-settled rule are: Williams v. Birmingham Water Works Co., 230 Ala. 438, 162 So. 95; Romano v. Thrower, 258 Ala. 416, 63 So.2d 369; Morgan County v. Hart, 260 Ala. 418, 71 So.2d 273; German-American Wholesale Optical Co. v. Rosen, 233 Ala. 105, 170 So. 211. We are unable to say that the verdict of the jury in this case was plainly and palpably supported by the evidence. We thus conclude that the order granting the motion for a new trial must be affirmed.

■ However, appellant in brief and oral argument stated that Pike County now has pending in the circuit court two more cases involving the identical substantive question presented here, which have been continued awaiting this court's pronouncement in this case as guidance in future trials. Both parties to this appeal argued the substantive question and we feel that we should indicate our views as aid to the court below on another trial.

In the case of McRea v. Marion County, 222 Ala. 511, 133 So. 278, 281, this court said:

"While the county may not be under any duty to the property owner to maintain the highway near his residence, store, or other business enterprise, nor through his property, and may change its location through it, it cannot take any of his property to do so without his consent, or the payment of just compensation and damages as required by the Constitution and law. The amount of such compensation under the amended section 7489 and damage are measured by the effect of the project as a whole upon the value of the entire tract. The circumstances that thereby the improvements and business enterprises are made less accessible to the highway, whereas they were situated upon it before the new work, may, or may not, affect the market value of the entire tract. That is not an element of damage but a cir-

cumstance to enter into the question of the effect of the improvement upon the entire tract. The circumstance that thereby traffic no longer goes by or near the location of the store and other improvements on the land need not necessarily depreciate the market value of the six hundred and twenty acres. But the jury should be informed of the circumstance and have the question left to their ultimate decision."

Appellant insists that the McRea case is not in point because there is a question of access which causes it to differ from the instant case, but we have read the original record and we find no such distinction.

In Hatter v. Mobile County, 226 Ala. 1, 145 So. 151, 153, this court said:

"In the McRea Case, supra, this court considered also the question of damage to the owner by the removal of the established highway from in front of buildings used for business purposes, and we may say as likewise applicable, buildings used and rented for residential purposes. It was the opinion of the court in that case that the jury should consider all the facts and circumstances in connection with the depreciation of such property by reason of the changed location. Following, therefore, this line of reasoning, if by such a change a storehouse located on the old highway and which was capable of use, and being rented for such purposes, loses its value as a business house, and becomes vacant, the owner should be permitted to show such fact for the jury's consideration in determining his damage, and by the same logic he should likewise be permitted to show a decreased rental produced by such change of location. Such proof is merely another way of showing damage suffered by depreciation by a change of the use of the road formerly established."

In Morgan County v. Griffith, 257 Ala. 401, 59 So.2d 804, 806, this court said:

"We think the evidence as to what it would cost to change the front of the

house from its east side to the west side is not irrelevant for consideration by the judge or jury as the trier of the facts, not as an element of damage but as affecting the extent of the depreciated value by reason of the layout. That is only a circumstance for consideration in connection with all the other circumstances and opinion evidence of value by the witnesses. There was no reversible error in either respect, as contended for by appellant."

The rule in this state has been reaffirmed recently in the case of Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838, 840, as follows:

"We are dealing here solely with the question of compensation and damages when only a part of a tract is condemned 'for ways and rights of ways for public highways'. Code 1940, Tit. 19, § 14. The applicable rule in such cases is well established: The final inquiry as to the compensation to be awarded, if any, is the difference between the value of the entire tract immediately before the taking and the value of the part of the tract remaining after the taking, giving effect to any enhancement in value of the part remaining resulting from the construction of the road. If the part remaining is worth as much as or more after completion of the project than the entire tract was worth immediately before the taking, the landowner has sustained no damage and is not entitled to any compensation. Code 1940, Tit. 19, section 14; Morgan County v. Griffith, [257 Ala. 401] 59 So.2d 804; Rountree Farm Co. v. Morgan County, 249 Ala. 472, 31 So.2d 346; Coffee County v. Spurlin, 245 Ala. 99, 16 So.2d 12; Bates v. Chilton County, 244 Ala. 297, 13 So.2d 186; Pickens County v. Jordan, 239 Ala. 589, 196 So. 121; Pryor v. Limestone County, 222 Ala. 621, 134 So. 17; McRea v. Marion County, 222 Ala. 511, 133 So. 278; Conecuh County v. Carter, 220 Ala. 668, 126 So. 132; Rudder v. Limestone County, 220 Ala. 485, 125 So. 670, 68 A.L.R. 776."

These authorities point unwaveringly to the conclusion that the relocation of the highway, thereby diverting the flow of traffic from in front of appellee's place of business, is a circumstance to enter into the question of the amount of the condemnee's damage and this circumstance is one of which the jury should be informed and the question left to their ultimate decision.

All the Justices concur that the ruling of the trial court in granting the motion for a new trial must be affirmed. However, on the pivotal legal question last treated there is a divergence of view.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur in the views of the writer hereinabove expressed, but MERRILL and MAYFIELD, JJ., dissent.

GOODWYN, J., not sitting.

Affirmed.

MERRILL, Justice (dissenting).

I concur in the holding of the majority with reference to the action of the trial court on the motion for a new trial. My disagreement is with the conclusion reached on the substantive question.

The following illustrates the result reached by the majority. A and B could be adjacent landowners, each fronting 200 feet on a state highway. A's lot is 200 yards deep. B's lot is only 198 yards deep. Each has a filling station and grocery store facing the highway and do a comparable business. The highway is relocated so as to pass 199 yards behind their places of business. It thus takes one yard of A's property but takes none of B's. A would be entitled to compensation because the flow of traffic on the old highway was taken away from him while his neighbor B would, under practically all the decisions in all the states, be entitled to nothing. Pruett v. Las Vegas, Inc., 261 Ala. 557, 74 So.2d 807. There is something about such a result which to me seems unfair and unjust. The Supreme Court of New Mexico in a unanimous decision in 1945 in the case of Board of County Com'rs of Santa Fe County v. Slaughter, 49 N.M.

141, 158 P.2d 859, 860, in dealing with the exact problem facing us said:

"The general rule for arriving at just compensation for property not taken but adversely affected is the so-called 'before and after' rule; and this poses the question: What was the value before the taking; and what is now the market value after the taking? The owner of the property, ordinarily, is entitled to receive the difference between these sums. 20 C.J. 730; 29 C.J.S., Eminent Domain, § 139. However, the vast majority of the courts approve a definite exception to this rule in that it is recognized that there are elements of damage for which no compensation will be given even though the market value may be adversely affected. 20 C.J. 779, 29 C.J.S., Eminent Domain, § 162. Specifically, with reference to this case, the rule is that ordinarily no person has a vested right in the maintenance of a public highway in any particular place. That exception is based upon the consideration that the State owes no duty to any person to send public traffic past his door. See cases cited in 118 A.L.R. 921.

"It seems to be the universal holding that where the taking of one's property is not involved and a highway is relocated and leaves a property owner completely off the new highway, but still with means of entrance and exit, that he has no right to damages for this reason alone. In other words, where the direct taking of some of his property is not involved, one cannot recover in damages for the relocation of a road entirely off of his property. The point at issue in this cause does not present exactly the same problem as that just mentioned (but the same answer is afforded) inasmuch as, in this case, the appellee, as distinguished from any other persons owning property upon the old highway, is having a part of her property taken for the new highway. It is not contended that other persons living on the old road, no part of whose property was taken, would be entitled to damages. However, appellee contends that inasmuch as a portion of her land is taken, no matter how small, she is entitled to compensation for an injury which is as to all others, none of whose property is so taken, 'damnum absque injuria'. Appellee's contention, therefore must necessarily be that even though other property owners along the old road are injured in exactly the same manner as herself, the fact that the other property owners have no property which was needed for the new right of way prevents all others but appellee from recovering for the damage which all are suffering.

"The courts easily distinguish special and direct from remote and consequential damages. See Wine v. Com., 301 Mass. 451, 17 N.E.2d 545, 120 A.L.R. 889, where it was held that a new road construction resulting in diversion of traffic, standing alone did not constitute a special injury for which damages would be allowed, but that blocking off traffic by a barricade which shut off the landowner's access to the general system of the public highways of the city did constitute injury special and peculiar to him.

"The question involved herein is well annotated in 118 A.L.R. 921. The cases cited in the annotation are to the effect that a property owner, even under circumstances here present, has no right to compensation for diversion of traffic by reason of the relocation, or rerouting, of a highway.

"One of the leading cases supporting appellant's contention, and noticed in the annotation, is Nelson v. State Highway Board, 110 Vt. 44, 1 A.2d 689, 693, 118 A.L.R. 915. There the question presented is almost identical with that in the instant case. In the Nelson case an award of $4,500 was made for consequential damages 'due to use of appellants' land as a new route for the mainstream of public traffic'. The Supreme Court of Vermont, in rejecting such item as consequential damages, states: 'In diverting traffic from in front of the Nel-

sons' buildings to the new route there is no invasion of their rights nor is there any legal injury to the land remaining. Access to their buildings remains unchanged. The buildings and lands about them will remain exactly as before establishment of the new route except that travel past the buildings will doubtless be diminished. But the State owes no duty to the Nelsons in regard to sending public travel past their door. Our trunk line highways are built and maintained to meet public necessity and convenience in travel and not for the enhancement of property of occasional landowners along the route. Benefits which come and go with changing currents of public travel are not matters in which any individual has any vested right against the judgment of those public officials whose duty it is to build and maintain these highways. The Nelsons are not entitled to receive any compensation for diversion of traffic as allowed in the last item set forth in the elements of damages. This appears to be in line with the holdings of other courts in every instance where this question has been considered under constitutional and statutory provisions similar to ours. * * *' Citing cases.

"Another case which deals with facts quite like those we are considering is that of Wilson v. Greenville County, 110 S.C. 321, 96 S.E. 301, 302. After citing the rule that no person has a vested right in the continuance of a highway at public expense, that court said: 'Respondent's attorneys concede that such is the law, and that, if the old road had been merely discontinued as a public highway, without relocating it on respondent's land, he would not be entitled to damages; but they contend that the abandonment of the old and the location of the new road on the same tract of land are so closely connected that they are inseparable. The contention is unsound. The two acts are separate and distinct in fact and in law, and the legal consequences are the same as if the old

and the new road had been on the land of different owners.'

"The Montana Supreme Court in a similar case, State v. Hoblitt, 87 Mont. 403, 288 P. 181, 184, stated as follows: 'The owner of land abutting on a highway established by the public has no property or other vested right in the continuance of it as a highway at public expense, and, at least in the absence of deprivation of ingress and egress, cannot claim damages for its mere discontinuance, although such discontinuance diverts traffic from his door and diminishes his trade and thus depreciates the value of his land. * * *'

"The Supreme Court of Pennsylvania has also ruled upon the very question involved herein. In the case of Petition of Johnson, 344 Pa. 5, 23 A.2d 880, it was held that no compensation could be awarded for reduction of market value or loss of business by reason of diversion of traffic.

"The same question has also arisen in Arkansas, and the Supreme Court of that State there followed the general rule. See Greer v. City of Texarkana, 201 Ark. 1041, 147 S.W.2d 1004.

"We find in the case of State ex rel. Sullivan, Attorney General v. Carrow et al., 57 Ariz. 434, 114 P.2d 896, a situation much like we have here. The facts are quite similar except, it might be noticed, that in the Arizona case, the State Highway Commission had promised the landowner that the location of the highway would not be changed and, based upon the promise, the condemnee proceeded to erect improvements on his property, facing the old highway. The highway was changed, contrary to the promise, leaving the landowner's tourist cabins and improvements practically a complete loss by reason of the fact that but little traffic would thereafter pass thereby. But it was held that 'since no man can have a vested right in having traffic routed by his place of business, and since, in any event, it is not contended

that the traffic could not, had it wished, have used the old highway instead of the new', the owner was denied compensation for loss occasioned by this diversion of traffic.

"When the owner contends for compensation for the diversion of tourist traffic, he 'seeks compensation for the loss of something he never had, something in which he had no claim of property right or ownership at any time', People v. Gianni, 130 Cal.App. 584, 20 P.2d 87, 89. 'Whatever of apparent hardships there may be in particular cases', says the California court in this leading and often quoted case, 'where roads have been created for public use when the country was new, as in this state, * * * a greater hardship would be entailed upon the public if these roads could not now be vacated or changed to meet the present situation without compensating those whose premises may abut thereon for the loss or inconvenience they may sustain.'

\* \* \* \* \* \*

"So far as counsel has been able to show and our independent search discloses, the cases are nearly, if not entirely, unanimous in their holding that mere diversion of traffic alone, regardless of the fact that the new road may run over a portion of the claimant's land for which portion compensation is paid, will not support a judgment for consequential damages. * * *

"In speaking of what is the measure by which damages are to be determined when a portion, but not all, of one's property is so taken, the court in People v. Ricciardi, supra (23 Cal.2d 390, 144 P.2d 799), citing Rose v. State of California, 19 Cal.2d 713, 123 P.2d 505, pointed out that under no rule would recoverable damages accrue 'for diminution of property value resulting from highway changes causing diversion of traffic, circuity of travel beyond an intersecting street, or other noncompensable items.'

"Unless we can say that public roads are built primarily for the benefit of the occasional landowner along the route, rather than for the necessity and convenience of the general public, it must be said that the landowner has no vested right in the current of public travel. Nelson v. State Highway Board, supra. And, it can make no difference, as we view it, that a small portion of appellee's acreage may have been taken for the new right of way. The situation is no different from that where no portion of the land is taken, unless—which is not the case here—it may be said that the taking of some acreage from the whole, in some measure, and of itself, damaged the whole for the purpose for which it was reserved or used above and beyond the value to be allotted to the portion taken.

"The applicable rule as to damages for diversion of traffic is the same under one situation as another; we test the claimed vested right to the current of public travel by the same measure, whether twenty feet may have been taken off the back of an owner's lot without damage to the front where the flow of traffic was formerly found, or whether the relocated highway is situated twenty feet further away so that it be not necessary to take any portion of the owner's land. Obviously, the landowner's claim must rest or fall upon a decision whether she has a vested right in the flow of public travel, which once came by her door, but for which now, for the convenience of the general public, a shorter and more convenient route has been opened and is being employed. We hold she has no such right."

The holding in the Slaughter case appears to me to enunciate a fairer, more practical and reasonable rule than that which the majority opinion states to be the law of this state.

MAYFIELD, J., concurs in the foregoing views.