Appellant, State of Alabama, initiated proceedings to condemn a portion of a tract (where the owners/Appellees operate a fast food establishment) in order to widen U.S. Highway 98 which abuts the subject property. The project also called for construction of a raised median which would eliminate the direct access to Appellees' establishment previously used by westbound traffic on the highway.
The Probate Court issued an order condemning the property and assessing damages at $70,000. Both sides appealed to the Circuit Court of Mobile County. The trial Court entered judgment for Appellees upon a jury verdict, assessing damages against the State in the amount of $100,000. The State appeals, alleging the trial Court erred in refusing the following requested jury charge:
 "I charge you that the defendants have no property right in the continuation or flow of traffic directly into their property from traffic westbound on U.S. Highway 98 and you should not consider the erection of the median strip as an element of damage in this case."
The Court, instead, charged the jury that the loss in traffic flow to condemnees' business, though not a separate item of damages, was a factor to be considered in arriving at condemnees' compensable damages as a result of the partial taking.
The State contends that the reduced flow of traffic to Appellees' fast food establishment resulting from the construction of a median strip as part of the overall highway improvement was improperly considered by the jury in assessing damages to be awarded Appellees as a result of the partial taking. Citing a number of cases from other jurisdictions in support of its position, the State contends, further, that there exists no Alabama authority on point. We disagree.
The well-established general rule of compensation in a condemnation proceeding where only a part of a tract is taken is that the owner is entitled to the difference between the value of the entire tract immediately before the taking and the value of the part of the tract remaining after the taking. St.Clair County v. Bukacek, 272 Ala. 323, 131 So.2d 683 (1961);Blount County v. Campbell, 268 Ala. 548, 109 So.2d 678 (1959);Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838 (1952); McReav. Marion County, 222 Ala. 511, 133 So. 278 (1931). In determining the value of the property after the taking, the jury should consider any factor or circumstance which would lessen the value in any way, and this includes the effect that the completed project for which the land is condemned may produce on the remaining tract. St. Clair County v. Bukacek, supra; Blount County v. Campbell, supra; Pike County v.Whittington, 263 Ala. 47, 81 So.2d 288 (1955); McRea v. MarionCounty, supra.
Pike County v. Whittington, supra, concerned a property owner whose combination residence, grocery store, and filling station abutted U.S. Highway 231 prior to a partial taking and a relocation of the highway. In that case, too, the condemnor argued that the loss of traffic was not a proper item for consideration by the jury in assessing the value of the condemnee's property before and after the taking. TheWhittington Court quoted with approval the following statement from McRea v. Marion County, supra:
 "While the county may not be under any duty to the property owner to maintain the highway near his residence, *Page 545 
store, or other business enterprise, nor through his property, and may change its location through it, it cannot take any of his property to do so without his consent, or the payment of just compensation and damages as required by the Constitution and law. The amount of such compensation under the amended section 7489 and damage are measured by the effect of the project as a whole upon the value of the entire tract. The circumstance that thereby the improvements and business enterprises are made less accessible to the highway, whereas they were situated upon it before the new work, may, or may not, affect the market value of the entire tract. That is not an element of damage but a circumstance to enter into the question of the effect of the improvement upon the entire tract. The circumstance that thereby
traffic no longer goes by or near the location of the store and other improvements on the land need not necessarily depreciate the market value of the six hundred and twenty acres. But the jury should be informed of the circumstance and have the question left to their ultimate decision." 222 Ala. at 515, 133 So. 278, quoted in Pike County v. Whittington, supra, 263 Ala. at 50, 81 So.2d at 290 (Emphasis added).
After considering a number of other Alabama cases, theWhittington Court held:
 "These authorities point unwaveringly to the conclusion that the relocation of the highway, thereby diverting the flow of traffic from in front of appellee's place of business, is a circumstance to enter into the question of the amount of the condemnee's damage and this circumstance is one of which the jury should be informed and the question left to their ultimate decision." 263 Ala. at 51, 81 So.2d at 292.
The issue in the instant case, like that presented in PikeCounty v. Whittington, supra, is whether the loss in traffic flow to the condemnees' business resulting from a partial condemnation can be taken into consideration, not as a separate item of damage, but as a circumstance "to enter into the question of the effect of the [taking] upon the entire tract." If there is a distinction between the case at bar andWhittington, it is only that in Whittington the reduced traffic flow resulted from diversion of the improved highway away from the condemnee's business whereas here the reduction in flow of traffic is due to the construction of a raised median which would prevent westbound traffic from having direct access to condemnees' business. This is a distinction without a difference; and, accordingly, Whittington compels our affirmance of the Court below.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.